NEW AMSTERDAM CASUALTY CO. v. HOUGH. (No. 1230.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 9, 1925.)

1. **Master and servant** ⚙=417(4½)—**Notice to Industrial Accident Board of unwillingness to abide by decision essential to appeal.**

Where it did not appear that injured servant gave notice to Industrial Accident Board of his unwillingness to abide by its final ruling and decision in accordance with Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, though he did give notice to employer's insurer, justice's court was without jurisdiction to entertain an appeal from Board's ruling, and county court was without jurisdiction of appeal from justice's court.

2. **Master and servant** ⚙=418(7)—**Reviewing tribunal will not render judgment against injured servant, where it did not affirmatively appear that required notice was not given to Industrial Board.**

Where county court was without jurisdiction of appeal from justice's court because no notice appeared to have been given to Industrial Accident Board of servant's unwillingness to abide by its final decision under Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, reviewing tribunal will not reverse and render judgment against servant where it did not affirmatively appear from record that notice was not given to Industrial Accident Board.

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by Mancy Hough against the New Amsterdam Casualty Company to set aside an award of compensation by the Industrial Accident Board under the Workmen's Compensation Act. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Cline & Waugh, of Houston, for appellee.

HIGHTOWER, C. J. On January 4, 1923, the appellee, who was an employee of the Westheimer Transfer Company, a private corporation in the city of Houston, Harris county, sustained a personal injury. The Westheimer Transfer Company was a subscriber under the terms and provisions of the Workmen's Compensation Act of this state, and appellant, New Amsterdam Casualty Company, had issued and was carrying insurance under the act covering the appellee and other employees of the Westheimer Transfer Company, and the policy of insurance was in effect at the date of appellee's injury. Appellee filed claim for compensation with the Industrial Accident Board of this state, and after a hearing before that Board a final order was made and entered allowing appellee a certain amount as compensation for the injury which he claimed to have sustained. Appellee was not satisfied with the award made by the Board, and in due time gave notice to appellant that he would not abide by the Board's award and judgment, but would within the required statutory time, file suit to set the award aside. He did thereafter, within the required statutory time, file suit in one of the justice's courts of Harris county to set aside the award of the Industrial Accident Board, but in the justice's court judgment was against appellee, and he thereafter appealed to one of the county courts at law of Harris county, where trial was had with a jury, which resulted in a verdict and judgment in favor of appellee for $182.52, with interest on that amount at the legal rate, and appellant has prosecuted this appeal.

Appellant's main contention here is that appellee failed to show by any evidence that he ever gave notice to the Industrial Accident Board that he was not willing to abide by the final ruling and decision of that Board, and that therefore his appeal from

that Board's ruling and decision to the justice's court was not shown to have been perfected, and that therefore the final ruling and decision of the Industrial Accident Board became final and binding, and there was no jurisdiction in the justice's court or in the county court on appeal to go behind such final ruling and decision of the Industrial Accident Board.

Article 5246—44, Complete Texas Statutes 1920, must be decisive of appellant's main contention in this court. So much of that article as is applicable here reads as follows:

"All questions arising under this act, if not settled by agreement of the parties interested therein and within the terms and provisions of this act, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty days after the rendition of said final ruling and decision by said Board give notice to the adverse party and to the Board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this act. If the final order of the Board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. * * * If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the Board shall certify that fact to the commissioner of insurance and banking, and such certificate shall be sufficient cause to justify said commissioner of insurance and banking to revoke or forfeit the license or permit of such association to do business in Texas."

[1] We think that it is very clear from the language of the statute just quoted that in order to confer jurisdiction upon the justice's court to entertain an appeal from an award of the Industrial Accident Board, appellee was required to give notice to that Board within 20 days after its final ruling and decision that he was dissatisfied therewith, and that he would file suit in the proper court to set such ruling and decision aside. He was also required, in order to give such jurisdiction to the justice's court, to give a like notice to the appellant herein. In other words, appellee was required to give such notice to both the appellant and the Industrial Accident Board that he was unwilling to abide by that Board's final ruling and decision, and that he would file suit in the proper court to set it aside. The record shows that it was agreed in the trial court that appellee had given notice of his dissatisfaction with the Board's ruling to the appellant herein, but the record does not show, by agreement or otherwise, that appellee gave notice to the Industrial Accident Board of his unwillingness to abide by its final ruling and decision, and therefore he failed to show any jurisdiction in the justice's court to entertain the appeal from the Board's ruling, and, of course, no jurisdiction was shown in the county court unless the justice's court had jurisdiction.

[2] We are asked by appellant to reverse and render the judgment against appellee, but we decline to do this for the reason that the record does not show affirmatively that the required notice was not given to the Industrial Accident Board. It is simply a question of the record being silent on that point.

We therefore sustain appellant's contention, and have ordered the judgment reversed and the cause remanded.