## TRAVELERS' INS. CO. v. WASHINGTON.
### (No. 1286.)

(Court of Civil Appeals of Texas. Beaumont. May 1, 1926. Rehearing Denied May 12, 1926.)

1. Trial ⬦➜350(3)—Refusal to submit special issue whether plaintiff's hernia existed prior to date of alleged injury held error, defense having been specially pleaded (Rev. St. 1925, art. 8306, § 12b).

In suit to set aside award of Industrial Accident Board, court's refusal to submit special issue as to whether or not hernia plaintiff suffered, if any, existed in any degree prior to date of alleged injury *held* error, in view of Rev. St. 1925, art. 8306, § 12b, where defendant had specially pleaded it as a defense.

2. Jury ⬦➜136(2).

Assignment showing that plaintiff peremptorily challenged or struck ten jurors from list instead of six, the legal number, showed reversible error.

3. Master and servant ⬦➜417(4½)—Court held without jurisdiction of suit to set aside award where suit was not filed within 20 days after notice to adverse party (Rev. St. 1925, art. 8307, § 5).

Under Rev. St. 1925, art. 8307, § 5, trial court was without jurisdiction to hear cause to set aside award of Industrial Accident Board, where suit was not filed within 20 days.

---

after giving notice to adverse party of intention not to abide final decision of the board, even though it was brought within 20 days after such notice was given to the board.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by George Washington against the Travelers' Insurance Company to set aside an award of the Industrial Accident Board. From a judgment setting aside the award and rendering judgment for plaintiff, defendant appeals. Judgment reversed and remanded, with instructions to dismiss case.

Wistner & White, of Port Arthur, and Oliver J. Todd, Charles S. Pipkin, and A. D. Moore, all of Beaumont, for appellant.

Rose & Johnson, of Port Arthur, for appellee.

O'QUINN, J. This is an appeal from a judgment setting aside an award of the Industrial Accident Board. The award was made by the board on February 12, 1924, denying to appellee compensation. Appellee's petition alleges, and the evidence shows, that he gave notice to appellant, Travelers' Insurance Company, of his refusal to abide by the award of the board on February 23, 1924, and to the Industrial Accident Board on February 26, 1924. The suit to set said award aside was filed by appellee on March 17, 1924.

Appellant answered, specially challenging the jurisdiction of the district court to hear the cause, because the suit was not filed within 20 days after giving the notice required by law of appellee's intention not to abide the decision of the board, general demurrer, certain pleas in abatement, and specially denied that appellee sustained any hernia at the time alleged, but that if he was suffering from a hernia it was of old duration and one with which he had been afflicted long prior to the date of the injury alleged, and that if appellee had a hernia it did not arise out of his employment with the Gulf Refining Company.

When the case was called for trial, the court overruled appellant's plea to the jurisdiction of the court, its general demurrer, all exceptions and pleas in abatement, and the case was tried to a jury upon special issues, upon the answers to which judgment was rendered for appellee for $603, with interest at the rate of 6 per cent. per annum from the date of the judgment. Motion for new trial was overruled, and appellant has appealed.

[1, 2] Numerous assignments of error are presented, many of which are too general and cannot be considered. Some of them present reversible error, particularly that relative to the court's refusing special issue No. 1 requested by appellant, submitting the question to the jury as to whether or not the hernia, if any appellant suffered, existed in any degree prior to the date of the alleged injury. This question was not in any manner submitted to the jury, although appellant had specially pleaded that as a defense to the cause of action. Under article 8306, § 12b, Rev. St. 1925, this issue should have been submitted. We also think that the assignment relative to improper argument of counsel for appellee was well taken, and that relative to appellee peremptorily challenging or striking ten jurors from the list instead of six, the legal number, showed reversible error, but because we have concluded that the court should have sustained appellee's plea to the jurisdiction of the court, we shall not discuss any other assignment.

[3] As above stated, this is an appeal from a judgment setting aside an award of the Industrial Accident Board. The award was made on February 12, 1924. The law requires that notice of his intention not to abide the final decision of the board shall be given to the adverse party and to the board by the party appealing from the board's decision within 20 days after the rendition of such final decision, and that within 20 days after giving such notice he shall bring suit in a court of competent jurisdiction to set aside said final ruling or decision. Article 8307, § 5, Revised Civil Statutes 1925 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44). Appellee gave notice to appellant, the "adverse party," on February 23, 1924, and to the board on February 26, 1924. The suit was filed March 17, 1924. It thus appears that the suit was not filed within 20 days after giving notice to the "adverse party," but was filed on the 23d day after giving such notice. The fact that the suit was filed on the 20th day after giving notice to the board does not satisfy the statute. It plainly requires that suit shall be filed within 20 days after giving notice to both the adverse party and the board of the intention not to abide the final decision of the board. This requirement is jurisdictional, and hence, the suit not having been filed within the 20 days, the court was without jurisdiction to hear the cause, and appellant's plea to the jurisdiction should have been sustained. New Amsterdam Casualty Co. v. Hough (Tex. Civ. App.) 277 S. W. 794.

The judgment is accordingly reversed and remanded, with instructions to the trial court to dismiss the case.