### WASHINGTON v. TRAVELERS' INS. CO.
### (No. 907—4667.)

(Commission of Appeals of Texas, Section A. Feb. 9, 1927.)

**1. Master and servant ⬤⟝417(4½)—Suit to set aside decision of Industrial Accident Board must be brought within 20 days after notice to adverse party and board (Rev. St. 1925, art. 8307, § 5).**

Court has no jurisdiction of case to set aside decision of Industrial Accident Board unless suit is brought within 20 days after notice is given to both adverse party and Industrial Accident Board, and, if notice is not given to both at same time, he may bring suit within 20 days after last notice, in view of Rev. St. 1925, art. 8307, § 5.

**2. Master and servant ⬤⟝417(4½)—Notice of intent not to abide by decision need not be given to Industrial Board and adverse party at same time (Rev. St. 1925, art. 8307, § 5).**

Rev. St. 1925, art. 8307, § 5, does not require that notice of intent not to abide by decision of Industrial Accident Board be given to adverse party and board at same time, but notice must be given to both.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by George Washington to set aside a decision of the Industrial Accident Board denying him compensation, in a proceeding against the Travelers' Insurance Company. Judgment for plaintiff was reversed, and the cause remanded, with instructions, by the Court of Civil Appeals (283 S. W. 694), and plaintiff brings error. Judgment of Court of Civil Appeals reversed in part. Judgment of the district court reversed, and cause remanded.

J. E. Rose and B. C. Johnson, both of Port Arthur, for plaintiff in error.

Wistner & White, of Port Arthur, and Oliver J. Todd, Charles S. Pipkin, and A. D. Moore, all of Beaumont, for defendant in error.

BISHOP, J. On February 12, 1924, the Industrial Accident Board rendered its final ruling and decision, denying George Washington compensation claimed by him against the Travelers' Insurance Company, under the Workmen's Compensation Law. Washington on February 23, 1924, gave notice to the insurance company that he would not abide by said final ruling and decision, and on February 26, 1924, he gave notice to the board of his refusal to abide by its said ruling and decision.

On March 17, 1924, he filed this suit in the district court to set aside the ruling and decision denying him compensation, and on trial recovered judgment for the sum of $603. The insurance company appealed, and the Court of Civil Appeals by its opinion sustained assignments of error presented by the company which would require that the judgment of the trial court be reversed and the cause remanded, and of which no complaint is here made in the application for writ of error.

The Court of Civil Appeals also held that, as suit was not filed within 20 days after notice of refusal to abide by the ruling and decision of the board was given to the insurance company, the district court had no jurisdiction, and reversed the judgment and remanded the cause, with instruction to the trial court to dismiss the case. 283 S. W. 694. On this holding error is here assigned.

Article 8307, § 5, R. C. S. 1925, provides as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided."

[1, 2] The court has no jurisdiction of a case to set aside the final ruling and decision of the Industrial Accident Board. unless suit for that purpose is filed within 20 days after notice has been given of refusal to abide by such ruling and decision. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. This notice must be given to both the adverse party and the board. This statute does not require that notice be given both at the same time or on the same day, but does require that notice be given both within 20 days after the rendition of such ruling and decision.

Here notice had not been given both until February 26, 1924, when notice was given to the board. The provision, that "he shall within twenty days after giving such notice bring suit, * * *" means that he shall have 20 days after he has given notice to both the adverse party and the board within which to file his suit. And, as Washington had not given notice to both the insurance company and the board until February 26, 1924, he had 20 days from that date within which to file suit. His suit was filed March 17, 1924. This was within the 20 days provided by this article, and the trial court had jurisdiction of the suit.

We recommend that the judgment of the Court of Civil Appeals, in so far as it instructs the trial court to dismiss the cause, be reversed, and that the judgment of the district court be reversed and the cause remanded to that court for trial.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.