**INDEMNITY INS. CO. OF NORTH AMERICA v. JONES et al. (No. 1602.)***

Court of Civil Appeals of Texas. Beaumont. Nov. 3, 1927.

Rehearing Denied Nov. 9, 1927.

1. **Master and servant ⊚═401—Compensation claimant must prove hernia on specific facts enumerated, before he can recover (Rev. St. 1925, art. 8306, § 12b).**

Under Rev. St. 1925, art. 8306, § 12b; compensation claimant is required to prove a hernia on the specific facts enumerated, before he can recover.

2. **Pleading ⊚═18—Facts constituting cause of action must be stated with sufficient certainty to advise court and adverse party of matters relied on.**

Facts constituting a cause of action must be stated with such certainty and accuracy as to advise court and adverse party of very matters relied on.

3. **Master and servant ⊚═401—Pleadings under Compensation Act should be liberally construed.**

Pleadings under Workmen's Compensation Act (Rev., St. 1925, arts. 8306–8309) should be liberally construed, and an injured party is not held to that strictness required in common-law action.

4. **Master and servant ⊚═401—Overruling exceptions to compensation claimant's petition failing to allege specific facts essential to recovery for hernia held reversible error (Rev. St. 1925, art. 8306, § 12b).**

Compensation claimant seeking compensation for hernia *held* not to have pleaded specific facts required by Rev. St. 1925, art. 8306, § 12b, to warrant recovery, and court's overruling of exceptions to petition and failure to require claimant to plead facts fully disclosing nature of injuries was reversible error.

5. **Master and servant ⊚═385(18)—Employee unsuccessfully operated on for hernia is not required to submit to second operation (Rev. St. 1925, art. 8306, § 12b).**

An employee suffering from hernia and submitting to an operation therefor, which is not successful, is not required by Rev. St. 1925, art. 8306, § 12b, to submit to a second operation.

6. **Master and servant ⊚═382—Common-law release, not in compliance with Compensation Act, is void and unenforceable.**

A common-law settlement between compensation claimant and compensation insurer and execution of release is void and cannot be enforced in the courts, where provisions of Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) were not complied with in its execution.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Action by the Indemnity Insurance Company of North America against R. P. Jones and others to set aside an award of the Industrial Accident Board. From a judgment refusing to set aside the award, plaintiff appeals. Reversed and remanded for new trial.

Morris & Barnes, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellees.

WALKER, J. This is an appeal from a judgment of the district court of Jefferson county sustaining an award of the Industrial Accident Board in favor of appellee against appellant. Appellant's petition was in the usual form, praying for a review and setting aside of the award. Appellee answered by general demurrer, general denial, and by way of cross-action pleaded his injuries as follows:

"And by way of cross-action herein, the said defendant comes now and represents and shows to the court that it is true that the Industrial Accident Board made and entered the award set out and described in the plaintiff's petition, but says that the same should not be set aside or disturbed in any manner, as claimed by the plaintiff, because the defendant R. P. Jones was employed by the Gulf Refining Company,' in Jefferson county, Tex., on or about the 20th day of October, 1925, and was receiving an average monthly wage of $150, and at said time he sustained a personal injury, entitling him to compensation set out in the award of the Industrial Accident Board; that the plaintiff in this suit was the insurer of the defendant R. P. Jones' employer, at said time, under the terms of the Workmen's Compensation Law of this state, and that due notice of said injury and claim for compensation was made by said defendant within the time and in the mode and manner provided by law giving the Industrial Accident Board jurisdiction of said claim, and that the same was finally acted upon by the board, and said award was duly made by it; that under the terms of the Workmen's Compensation Law of this state and the contract of insurance existing between the plaintiff in this suit and the defendant R. P. Jones' employer, as above alleged, the plaintiff in this suit is bound and obligated to pay said award."

This statement from his pleadings is all he alleged regarding the nature of his injuries.

[1-4] Appellant demurred generally to appellee's cross-action, and specially on the ground that "the allegations in said petition generally are not of such a nature and are not definite enough to put this plaintiff on notice as to ·what is made a basis of his cause of action." The demurrers were overruled, and this action is before us for review. By his proof, appellee tried to establish that he was suffering from a hernia received in the course of his employment, arising out of or incident to his employment. The issues made

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed January 11, 1928.

by his proof were submitted to the jury and found in his favor. Appellant advances the proposition, under its assignments complaining of the overruling of the demurrers, that a hernia is a specific injury under the statute, and can form the basis of a recovery only by pleading the provisions of article 8306, § 12b, Revised Statutes, 1925, which is as follows:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proved to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

Under this statute the injured party is required to prove a hernia on the specific facts enumerated before he can have recovery. It is a rule of Texas pleading that the facts constituting the cause of action must be stated "with such certainty and accuracy as to advise the court and adverse party of the very matters relied upon." Townes' Texas Pleading, p. 407. We recognize that pleadings under our Workmen's Compensation Act should be liberally construed, and that an injured party is not held to that strictness required in a common-law action. Southern Surety Co. v. Weaver (Tex. Com. App.) 273 S. W. 838. Yet giving him the benefit of all proper intendments, his pleading must state a compensable injury. No one would deny that he must plead an injury received in the course of his employment, arising out of or incident to his employment. He must prove these facts, and he can offer such proof only when authorized by a proper pleading. Now the statute enumerates specific facts that the injured party must prove to recover for a hernia. It seems to us clear that such facts could be received only when offered in support of a proper plea. The court committed reversible error in overruling appellant's exceptions to the petition, and in not requiring him to plead facts fully disclosing the nature of his injuries.

[5] After appellee had made complaint of his injuries, appellant recognized his claim and allowed compensation. At the request of appellant, or at least on the advice of its surgeon, he submitted to an operation for hernia. This operation was not successful. Upon the trial of this cause appellant requested another operation, to which appellee refused to submit. But on motion of appellant the trial court appointed a medical board, under the provisions of article 8306, § 12b, which board made the following report:

"There is no disease or condition which would render the operation more than ordinarily unsafe. We find that an operation would remove the trouble and recommend that Mr. Jones submit to an operation at once."

After this report was filed, the trial court received evidence on the advisability of the operation. In answer to special issues, the jury found that it was not advisable for appellee to submit to the operation; that the operation would not relieve his disability; and that because of his physical condition the operation would be more than ordinarily unsafe. These findings are supported by the evidence, which we do not review in detail, since this issue was not in the case.

Article 8306, § 12b, provides for an operation for hernia, but it provides for only one operation, and when at appellant's request, or with its consent, appellee submitted to the operation, the provisions of this section were exhausted. It was not the intent of the law that the insurer could continue to experiment upon the body of appellee against his wishes on the expert testimony of physicians, no matter how eminent, that *another* operation would be successful. Appelle refused to submit to a second operation, saying that he was afraid it would kill him. In doing so, he was within his legal rights, and no issue under the quoted article was made against him.

[6] After the first operation, on the statement of appellant's physician that he would soon be well, appellee made a common-law settlement of his claim and executed to appellant a release from further liability. This release was pleaded by appellant as a bar to appellee's cause of action, but pleaded only as a common-law release. Appellant neither pleaded nor proved that the provisions of the Workmen's Compensation Act were complied with in the execution of this release contract. A settlement between the insurer and the insured without the approval of the Industrial Accident Board is void and cannot be enforced in the courts. Employers' Indemnity Co. v. Woods (Tex. Civ. App.) 230 S. W. 461.

Appellant presents other propositions complaining of the overruling of special exceptions to the cross-action and of the form of certain special issues. As these objections can be obviated upon another trial, there is no occasion for our discussing them in detail. For the error discussed, the judgment of the trial court is reversed and this cause remanded for a new trial.