## TRAVELERS' INS. CO. v. WASHINGTON. (No. 1683.)

Court of Civil Appeals of Texas. Beaumont. April 16, 1928.

Rehearing Denied April 25, 1928.

1. **Master and servant** ⚖️374—**Compensation claim for hernia is defeated by finding against sudden and immediate appearance (Rev. St. 1925, art. 8306, § 12b).**

That there may be a recovery on compensation claim for hernia under Rev. St. 1925, art. 8306, § 12b, there must be a finding in employee's favor on all four of the enumerated issues, and finding that the hernia did not appear suddenly and immediately following the injury destroys his cause of action.

2. **Appeal and error** ⚖️268(2)—**Evidence on which unchallenged finding was returned is not reviewable.**

A finding not having been questioned, the evidence on which it was returned cannot be reviewed on appeal.

3. **Master and servant** ⚖️418(3)—**Only remedy of compensation claimant is to challenge jury's adverse finding on decisive issue.**

Jury's finding being against an employee on an issue on which his compensation claim for

injury depended, his only remedy was to challenge the finding; the court having no jurisdiction to enter judgment non obstante veredicto.

**4. Trial ⟜351(2)—Any other ground of relief pleaded held waived by plaintiff sending case to jury on special issues relating alone to one ground of relief.**

Plaintiff having sent his case to the jury on special issues relating alone to recovery under special provisions of statute, any other pleaded ground of relief under general provisions of statute was waived.

**5. Appeal and error ⟜930(3)—Case being submitted to jury on special issues relating alone to one ground of relief, there is no presumption of court's findings to support judgment on other ground (Rev. St. 1925, art. 2190).**

Where case was submitted to the jury on special issues relating alone to one ground of relief, there can be no presumption under Rev. St. 1925, art. 2190, that the court found, independently of the jury's verdict, facts to support a judgment for plaintiff on any other ground of relief pleaded, such ground being waived by the manner of submission.

**6. Master and servant ⟜401—Under Workmen's Compensation Act there can be recovery only on injury pleaded.**

In action under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), as in all other cases, the probata must conform to the allegata, so that plaintiff, having pleaded a special injury alone, can recover only on proof of such injury, and not on proof of some other injury coming within general provisions of the statute.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by George Washington against the Travelers' Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Oliver J. Todd, Charles S. Pipkin and A. D. Moore, all of Beaumont, for appellant.

Rose & Johnson, of Port Arthur, for appellee.

WALKER, J. This is the second appeal in this case, the first, reported from this court, Travelers' Insurance Co. v. Washington, 283 S. W. 694, from the Supreme Court, Washington v. Travelers' Insurance Co., 290 S. W. 738. We refer to those reports for a full and complete statement of the nature of this cause of action. Briefly stated, this is an appeal from a ruling of the Industrial Accident Board, involving Washington's rights to compensation under our Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.). On this appeal the case was pleaded and presented to the jury on the theory that Washington received a hernia in the due course of his employment. The issues were presented to the jury by the following questions, answered as indicated:

"Special Issue No. 1. Was the plaintiff, George Washington, injured, while performing his duties in the employment of the Gulf Refining Company, by then and there producing and suffering a hernia?"

The jury answered: "Yes."

"Special Issue No. 2. Did the said hernia of the said George Washington, plaintiff, exist in any degree prior to the injury for which this suit is filed?"

The jury answered: "No."

"Special Issue No. 3. Did the said hernia of the plaintiff, George Washington, appear suddenly and immediately following the injury?"

The jury answered: "No."

"Special Issue No. 4. Was the said injury accompanied by pain?"

The jury answered: "Yes."

On the answers thus returned, judgment was entered in appellee's favor. He has accepted the verdict without question and has made no assignment against the findings of the jury. Appellant attacks the findings as being without support in the evidence, or as being against the great weight and preponderance of the evidence, but accepts the jury's verdict on question No. 3. Its assignments against the other questions are overruled. We believe the evidence sustains the findings.

[1-3] On this verdict appellant insists that judgment should have been rendered in its favor and that the judgment in appellee's favor was non obstante veredicto. We believe this proposition is sound. This was an action based solely on hernia. Appellee sought relief on no other theory. Article 8306, § 12b, Revised Statutes 1925, provides:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

The requirements of this statute were covered by the court's charge. Appellee could have a recovery only upon a finding in his favor on these four issues. Indemnity Insurance Co. of North America v. Jones (Tex. Civ. App.) 299 S. W. 674; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; McPhee & McGinnity Co. v. Industrial Commission of Colorado, 67 Colo. 86, 185 P. 268. It was as essential that the hernia appear "suddenly and immediately following the injury" as that it occur in the course of his employment, or that it did not exist in any degree prior to the

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

injury, or that the injury was accompanied by pain. Therefore a finding that the hernia did not appear suddenly and immediately following the injury destroyed his cause of action. As this finding was accepted by him and not questioned on this appeal, the evidence upon which the finding was returned cannot be reviewed by us. Neither the trial court nor this court has jurisdiction to enter a judgment non obstante veredicto. Appellee's only relief was to challenge this finding.

The judgment of the trial court is reversed, and judgment here rendered in appellant's favor.

Reversed and rendered.

### On Rehearing.

[4, 5] Appellee insists that his cause of action as pleaded involved not only the specific provisions of the Workmen's Compensation Act relating to hernia, but also the provisions relating to injuries received generally in the course of his employment. We have no doubt about our construction of his petition, but do not review it further, since under the recent decision of the Supreme Court in Ormsby v. Ratcliffe, 1 S.W.(2d) 1084, such additional grounds of relief were waived, even had they been pleaded. Appellee sent his case to the jury only on the issues given in our original opinion. He made no request for the submission of any issue under the general provisions of the statute. Having sent his case to the jury on issues relating alone to hernia, any other ground of relief was specifically waived. It cannot be presumed, under article 2190, Revised Statutes 1925, construed in the Ormsby Case, supra, that the court found, independent of the jury's verdict, facts to support a judgment under the general provisions of our Workmen's Compensation Act. In the case cited it was said:

"It is a proper legal presumption that all correlated, supplemental, and supporting facts should be found in favor of a judgment, but separate and independent grounds of recovery not so submitted can not be so presumed to exist, but must be held to have been waived by the party failing to ask their submission."

[6] What we have said makes certain our original conclusions, unless a plea under the specific provisions of the statute necessarily involves the essentials of an injury under the general provisions; and, the proof failing to support a specific injury, yet raising an issue under the general provisions, the case should go to the jury. We do not think that construction should be given our Workmen's Compensation Act. Under that act, as in all other cases, the probata must conform to the allegata. A recovery, if had, must be on the allegations of the petition. Having pleaded a specific injury, and only a specific injury, the proof must sustain the allegations, or the plaintiff necessarily loses his case. True, he could plead a specific injury and in the alternative an injury under the general provisions, in which event, failing to sustain his first count, he could on proper proof go to the jury on the second; but under such pleadings, if the plaintiff sent his case to the jury on issues submitting only a specific injury, as was done here, and the jury found against him, it would be said on appeal that he had waived his claim under the general provisions.

The motion for rehearing is overruled.