## AYRES v. AYRES.
### No. 3906.

Court of Civil Appeals of Texas. Texarkana.
Nov. 13, 1930.

Rehearing Denied Nov. 20, 1930.

G. H. Crane, of Dallas, for appellant.

A. H. Mount, of Dallas, for appellee.

WILLSON, C. J.

This was a suit for a divorce brought by appellee, J. D. Ayres, against appellant, Mattie Ayres, in which judgment was rendered in appellee's favor granting the divorce as prayed for.

In his petition, appellee alleged that he and appellant were married in 1914, and, as a ground for the divorce he sought, alleged that while he "was trying to live" with appellant she "threatened to shoot him with a shot gun" and "cut him with a butcher knife." The allegations specified were followed by an averment that such conduct on appellant's part "became unbearable and insupportable," and that appellee was "afraid to undertake to live" with appellant again.

Appellant's contention, and sole contention, on this appeal is that the allegations referred to were insufficient because of the failure of appellee to state the times when and places where the assaults charged occurred, and because it did not appear from allegations in the petition that such conduct on the part of appellant affected appellee's health and rendered his living with appellant any longer insupportable.

Had exceptions to the petition on the grounds urged here been prosecuted at the trial in the court below, they should have been, and doubtless would have been, sustained; but such exceptions were not presented there, and we think the defects in the petition now pointed out should be held to have been cured by the verdict, within a rule which has been stated as follows: "If the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defects, imperfection or omission is cured by the verdict." 21 R. C. L. 616; Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051; Landrum v. Turney (Tex. Civ. App.) 239 S. W. 366; Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533; Towns Texas Pleading, 403; 49 C. J. 869. There is no statement of facts with the record sent to this court, and it should be assumed that evidence admissible under the allegations in the petition furnished sufficient support for the judgment, and it is affirmed.