**BANKERS LLOYDS v. POLLARD.**

No. 3577.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1931.

Rehearing Denied July 11, 1931.

Mathis & Caldwell, of Wichita Falls, and Crate Dalton, of Dallas, for appellant.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellee.

HALL, C. J.

This suit arose under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq. as amended). The appellee alleged that he was injured while he was an employee of G. M. Hamer, a subscriber under the act. That the appellant insurance company had issued a policy to Hamer as subscriber, which was in full force and effect on October 31, 1929. That on said last-named day plaintiff, as employee of Hamer under a verbal contract of hire, while driving a truck for his employer, was earning $35 per week, "which was the usual and customary wage which an employee of the same place of that of the plaintiff herein earned in the same or similar employment for twelve months preceding the day of the injury to plaintiff." He alleged that while engaged in the course of his employment he suffered a right inguinal hernia. That said hernia appeared suddenly and immediately and caused him great pain and required the services of a doctor. That he gave due notice of the accident, requested that he be operated upon, which was refused, and that as a result of such injury and accident he was permanently and totally incapacitated and disabled. That on the 20th day of February, 1930, the Industrial Accident Board entered its final ruling, and in due time thereafter plaintiff gave notice of appeal and did appeal from said ruling. He prays that he be awarded a lump-sum settlement with 6 per cent. discount, and in the alternative alleged that if he is not totally and permanently disabled, that he has suffered a 50 per cent. permanent partial disability and prays for judgment accordingly.

The defendant answered, denying that the injuries complained of by plaintiff were received in the course of his employment. That they did not result in hernia, but that said hernia had existed long prior to October 31, 1929, and that it did not appear suddenly or immediately, and that plaintiff did not suffer any pain at the time of the alleged injuries.

A trial to the jury resulted in a verdict and judgment in favor of appellee, awarding him $6,628.19, payable in a lump sum, with interest and costs. The jury found that plaintiff was totally and permanently disabled.

■ The first contention to be considered relates to the insufficiency of appellee's petition in that it did not allege that he had worked in the same or similar employment for substantially a year prior to his injury, was defective in not alleging the wages earned by him or other employees in similar work, and contained no allegation of the time when he commenced to work for Hamer or that he had worked substantially for a year for Hamer or in similar employment in the same locality.

No demurrers or exceptions were urged to the petition because of these alleged defects, and no objection was made to the testimony offered, showing the period of time appellee had been engaged in the same employment or the amount earned by him during the twelve months next preceding the injury. The testimony shows without contradiction that he had been residing in Wichita county since 1920, during all of which time he had been employed as a truck driver. It further showed that during the year immediately preceding his injuries he worked every day, including Sunday, and had received for his services $5 per day. If appellant had urged exceptions to the petition upon the grounds insisted upon here, the court doubtless would have sustained them, but they must be considered as waived. and the defects, not being jurisdictional, cannot be urged upon appeal, since they are cured by the verdict. General demurrers, though pleaded, which were not presented and urged in the court below or disposed of by proper orders, are deemed to be waived upon the theory that everything possible must be presumed in aid of the petition. Southern Surety Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533. See also Ayres v. Ayres (Tex. Civ. App.) 32 S.W. (2d) 655, where it is held, even in a divorce suit, that if the issues joined necessarily required proof of facts imperfectly stated or even omitted in the petition, the defect is cured by the verdict if the facts established by proof offered are not challenged by the appellant. Especially is this the rule in actions arising under the Workmen's Compensation Act where the construction of the pleadings must be liberally made in favor of the complainant. Southern Casualty Co. v. Weaver (Tex. Com. App.) 273 S. W. 838.

■ Proof that the appellee had been working for one year and longer next preceding the injury at $5 per day, including Sunday, is proof that his weekly wage was $35. Howard v. Texas Employers' Insurance Ass'n (Tex. Com. App.) 292 S. W. 529.

■ The judgment is for a lump sum based upon appellee's right to recover $20 per week for a period of 400 weeks, aggregating $6,628.19, and we think the amount decreed is approximately correct. Plaintiff did not specifically pray for interest and was not entitled to recover interest on the sum awarded, from the date of the injury to the day judgment was rendered. Standard Acc. Ins. Co. v. Stanaland (Tex. Civ. App.) 285 S. W. 878. According to our calculations, this interest has been included in the judgment. Even with the interest included, the judgment seems to be approximately $100 less than the

appellee was entitled to recover, and appellant cannot, therefore, complain.

The appellant assigns error to the action of the court in submitting the issue whether the appellee's hernia appeared suddenly and immediately following the injury to plaintiff. Objection was made upon the ground that the jury might have found a sudden appearance and that it did not appear immediately. The appellant's answer specially alleged that the hernia did not appear immediately following the act of appellee in lifting the tongue of the trailer to his truck, this being the effort which plaintiff contended caused the hernia. In a separate paragraph appellant further alleged that the hernia did not appear suddenly following the lifting of the tongue of the trailer. The testimony bearing upon each of these issues and as elicited from appellee is as follows: "I received my rupture on October 31, 1929. * * * In October, at the time I was injured, I was lifting a trailer tongue at the time I got hurt and I felt a pain there and it pained me all day. I felt the pain at the time I lifted this trailer. I felt the pain right here in the right pelvic region, what I call my groin, in the right groin. * * * After I had this pain in my groin, I went on to Megargel, as there was no one else there to take my place. * * * I was in great pain during that trip and I had a sick spell. * * * When I got home that night I went to bed and next morning I went to see Dr. Burton."

We think this testimony is sufficient to sustain the jury's finding that the symptoms of the hernia appeared suddenly and immediately after the injury. In the original opinion we reversed the judgment because the court submitted in one issue whether the hernia appeared suddenly and immediately. In the light of a carefully prepared and persuasive motion for rehearing, we have reviewed the record and the authorities cited and have concluded that we were in error in basing our reversal on the insufficiency of the evidence and the submission of the issues together. It will be observed that this issue, No. 4, is in the exact language of subdivision 2, § 12b, of article 8306 of the Revised Statutes. In order for the plaintiff to recover, he must prove that the hernia resulted both suddenly and immediately, and there is no reason why they should be submitted disjunctively. The court did not instruct the jury that the issue as submitted must be answered either affirmatively or negatively. The instruction is: "Answer as you find the facts to be." If it be held that the issue is duplicitous, the effect would be to thereby place a burden upon the plaintiff, of which the plaintiff only could complain. We have concluded, however, that the issue is not du-

plicitous and does not come within the rule announced in Fox v. Dallas Hotel Co., 111 Tex. 475, 240 S. W. 517. Be that as it may, the error, if any, in placing an additional burden upon the plaintiff, is not a matter of which the defendant, the appellant herein, can complain. Texas Electric Ry. v. Jones (Tex. Civ. App.) 262 S. W. 131; Northern Texas Traction Co. v. Jenkins et al (Tex. Civ. App.) 266 S. W. 175; Southern Surety Co. v. Solomon (Tex. Civ. App.) 4 S.W.(2d) 599; Texas Employers' Ins. Ass'n v. Heuer et al. (Tex. Civ. App.) 10 S.W.(2d) 756; Texas Pacific Coal & Oil Co. v. Grabner (Tex. Civ. App.) 10 S.W.(2d) 441.

The record shows that appellee requested that he be operated upon for hernia and appellant denied the request. Therefore, the limit of 26 weeks, plus the cost and expense of an operation, has no application. Ellis v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 6 S.W.(2d) 811; Columbia Casualty Co. v. Ray (Tex. Civ. App.) 5 S.W.(2d) 230.

The court did not err in refusing to define the word "permanent." Bishop v. Millers' Indemnity Underwriters (Tex. Civ. App.) 254 S. W. 411; Employers' Casualty Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833.

The motion for rehearing is granted. The original opinion is withdrawn, and the judgment is affirmed.

Affirmed.