## FEDERAL UNDERWRITERS EXCHANGE v. WARREN.

### No. 3225.

Court of Civil Appeals of Texas. El Paso. Sept. 26, 1935.

Rehearing Denied Oct. 24, 1935.

J. H. Burr and John F. Battaile, both of Houston, for plaintiff in error.

Caldwell, Gillen, Francis & Gallegher, of Dallas, for defendant in error.

PELPHREY, Chief Justice.

On May 10, 1933, John A. Warren and his wife, defendant in error, were in the employ of the Kilgore Hotel Company;

Warren working as a chef and defendant in error as a waitress in the coffee shop.

On the date the hotel building burned and while Warren was attempting to rescue defendant in error from an upstairs bedroom, he was so badly burned that he died on the 27th of the month. In October following, the Industrial Accident Board made an award in favor of defendant in error from which plaintiff in error appealed to the district court of Gregg county.

Defendant in error in due time filed an answer to plaintiff in error's petition and a cross-action seeking compensation in a lump sum.

Upon answers favorable to defendant in error judgment in her favor was rendered and this appeal followed.

### Opinion.

The two questions presented in plaintiff in error's brief are: (1) Were there sufficient allegations in defendant in error's cross-action that Warren was injured in the course of his employment? and (2) Was there sufficient evidence to show that Warren's employment was legal and to establish a basis for the computation of compensation under the Workmen's Compensation Act?

█ █ As to the first question, we must bear in mind that pleadings in compensation cases must be construed liberally in favor of the complainant. Bankers Lloyds v. Pollard (Tex. Civ. App.) 40 S. W. (2d) 859; Indemnity Ins. Co. of North America v. Jones (Tex. Civ. App.) 299 S. W. 674.

The relevant portions of defendant in error's petition are:

"That heretofore, to-wit, February 12th, 1933, the said John A. Warren entered the employ of Kilgore Hotel Company, a corporation, under a contract of hire, whereby he agreed to work for said company as manager and chef of the Cafe or Coffee Shop known as the Kilgore Hotel Coffee Shop; * * * that throughout said employment, said John A. Warren was an employee within the meaning of the terms and provisions of the Workmen's Compensation Law of Texas, and had accepted said law with reference to said employment; * * *

"That heretofore, to-wit, on or about May 10th, 1933, at about 10:30 o'clock in the morning, Defendant's husband, John A. Warren, was engaged in the performance of the regular duties of said employment at said hotel and was then preparing various foods and dishes to be served to the guests of said Coffee Shop during the noon-day period (here follows the facts showing that Warren was injured while trying to rescue his wife from the burning building and his subsequent death), his death being the direct and natural result of the injuries sustained by him in said fire; that said fatal injury was occasioned by an incident and occurrence which was necessary, ordinarily and reasonably inherent and incident to the conduct of said work and business and originated in the work of said employer and was received by the said John A. Warren while he was engaged in/or about the furtherance of affairs of said Kilgore Hotel Company."

Plaintiff in error contends that the above allegations are insufficient for failing to allege that the injuries were not caused by the act of God, by the act of a third person intending to injure the employee because of personal reasons, or by the employee's willful intention and attempt to injure himself or to unlawfully injure some other person or while the employee was in a state of intoxication. With such contention, we cannot agree.

We have had no case involving this identical question cited to us and we have found none, but have concluded that the pleading is sufficient as against a general demurrer without any allegations as to the matter above enumerated. See New Amsterdam Casualty Co. v. Humphrey (C. C. A.) 47 F.(2d) 57; Texas Employers' Ins. Ass'n v. Arnold (Tex. Civ. App.) 57 S.W.(2d) 954.

Furthermore, the transcript filed in this court contains no pleading by plaintiff in error in response to the cross-action of defendant in error and there is nothing to indicate that a general demurrer to the cross-action was filed or that any action was taken by the court on any demurrer.

█ Plaintiff in error takes the further position that Warren was not an employee of the Kilgore Hotel Company as contemplated by the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.) because he was infected with or affected by an infectious or contagious disease and could not be lawfully employed or retained in the employ of the hotel company.

It appears to be true, as asserted by plaintiff in error, that when Warren was examined in March, 1933, he was afflicted with syphilis, but it further appears, we think, that the disease had not reached the infectious stage, and that the jury's finding that he was not infected with or affected by any infectious or contagious disease was justified by the evidence before them.

Article 705, Vernon's Ann. Penal Code, does not prohibit the employment of a person afflicted with a disease unless that disease is an infectious or contagious one.

We are also of the opinion that the testimony of the witness Moore as to the average daily wage paid chefs in Gregg county and vicinity during the year preceding May 10, 1933, sufficiently supported the jury's finding of $5.50 per day.

His testimony in substance was that they received $4.50 to $5 per day and meals.

The judgment of the trial court is affirmed.