**TEXAS EMPLOYERS INS. ASS'N v. TYLER.**

**No. 12112.**

Court of Civil Appeals of Texas. Galveston.

Nov. 10, 1949.

Rehearing Denied Dec. 8, 1949.

Royston & Rayzor, of Houston, and Robert Eikel Jr., and E. D. Vickery, of Houston, of counsel, for appellant.

Mandell & Wright, of Houston, for appellee.

GRAVES, Justice.

This was a workman's compensation-suit, brought by Gilbert Tyler, to set aside an award of the Industrial Accident Board. Upon a verdict on special issues, the 113th District Court rendered judgment for the plaintiff, the appellee herein.

In this court appellant's points-of-error, in material substance, are these:

"No. 1. As the appellee's case on the pleadings was for the recovery of compensation for disability, caused by a 'marked lordosis', the court erred in overruling appellant's motion for judgment non obstante veredicto, as a directed verdict would have been proper, since there was no evidence, or no legally-sufficient evidence, that appellee suffered any disability by reason of an injury in the nature of lordosis, as alleged in his pleadings.

"No. 2. The court erred in admitting evidence of a general injury to appellee's back, and of a herniated intervertebral-disc, as there were no allegations in appellee's petition to support the admission of such evidence, since appellee's pleadings alleged his injury to be 'marked lordosis'."

Likewise, in substance, the appellee's answering points are these:

"One: Appellee's pleading alleges a general injury to his back, and is not limited to 'marked lordosis'.

"Two: Appellee alleged: (A) he received serious injuries to his back, resulting in marked lordosis, or tenderness over lumbo-sacral joint; (B) he is unable to move his back, without great pain; (C) the

tendons, ligaments, muscles, and nerves, in his lower back have been severely strained, ruptured, and torn apart, causing him to suffer incapacity to his entire back, particularly his lower back".

The pertinent parts of the appellee's pleadings, so challenged by the appellant, were these:

"III. That on or about the 31st day of May, 1947, Gilbert Tyler plaintiff was an employee of the Texas Star Stevedoring Company Inc., that he was employed by and working for the Texas Star Stevedoring Company, Inc., and while working within the course of his employment, he was required to help load barrels of oil, that while so working his hands slipped off the slippery barrel that was being lowered causing the plaintiff to lose his balance and fall down, striking his body on one of the barrels that had already been lowered causing serious and disabling injuries, as hereinafter more fully set out.

"IV. By reason of the injuries sustained, as above alleged, plaintiff has suffered serious and painful injuries to his back resulting in marked lordosis with tenderness over lumbo-sacral joint; that he is unable to move his back without great pain and agony; that the tendons ligaments, muscles and nerves in his lower back have been severely strained, ruptured and torn apart, as a result of said injuries plaintiff has become totally incapacitated to perform labor, as that term is defined by the Workmen's Compensation Act of Texas.

"V. By reason of the injuries sustained, as above alleged, plaintiff has suffered incapacity to his entire back, particularly his lower back which disqualifies him from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment requiring the use of his back".

This court agrees with the appellee's answering position. Appellant's major contention, both below and here—that is, that the appellee's quoted averments, in effect, sought recovery for disability caused by "marked lordosis" only, and, subsidiarily and contingently, that the evidence the trial court heard was not sufficient to raise an issue-of-fact over whether or not such "marked lordosis" resulted, does not logically comport with the record.

On the contrary, it seems plain that the construction of the pleading, and whether or not it was so confined, as appellant urges, is the controlling question-of-law raised upon appeal.

A careful reading of it convinces this court that it was not so limited, hence that the trial court neither erred in overruling appellant's motion for judgment non obstante veredicto, nor in admitting evidence tending to show a general injury to the appellee's back.

No extended discussion of the matter is deemed necessary, nor even appropriate; the appellant filed below no special exceptions to the appellee's petition, and since the general demurrer is no longer used, Rule 90, Texas Rules of Civil Procedure, it follows, under the construction here so given such pleadings, that the authorities dealing with the rights of recovery in specific injury cases are not applicable in this instance, but only those dealing with instances where a general recovery is relied upon. The following ones of such cases fully support the action of the trial court in this instance, and require an affirmance of its judgment, to wit: Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W. 2d 280; Bankers Lloyds v. Pollard, Tex. Civ.App., Amarillo, 40 S.W.2d 859, Writ refused; Federal Underwriters Exchange v. Warren, Tex.Civ.App., El Paso, 86 S.W. 2d 824, writ dismissed; City of Dallas v. McCullough, Tex.Civ.App., 95 S.W. 1121, writ refused; Texas Employers' Ins. Ass'n v. Knouff, Tex.Civ.App., 297 S.W. 799; United States Fidelity & Guaranty Co. v. Pogue, Tex.Civ.App., 21 S.W.2d 43.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.