11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Janabeth Bane, Individually and on Behalf 

of the Estate of Sandra
Varner Allen Rosser

Appellant

Vs.                   No.
11-01-00080-CV B Appeal from Taylor County

Jerry Rosser

Appellee

 

Janabeth
Bane=s mother, Sandra Varner Allen Rosser, was
killed in a one-vehicle accident on an icy road in Colorado.  Jerry Rosser (Rosser), her husband, was the
driver of the vehicle; and he later became the executor of Sandra Rosser=s estate. 
Bane=s lawsuit against Rosser includes wrongful
death and survival claims as well as a claim that Rosser breached his fiduciary
duty to Bane by failing to disclose information relating to the wreck.  The trial court granted Rosser=s motion for summary judgment based upon
limitations.  We affirm.

                                                                Background
Facts

On January
1, 1996, Sandra Rosser was killed; the vehicle was driven by Rosser.  The Colorado State Trooper who investigated
the accident charged Rosser with ACareless Driving Causing Death,@ a misdemeanor.  After returning
to Texas and hiring an attorney, Rosser later pleaded Ano contest@ to the criminal charge.

Sandra
Rosser died testate, leaving her separate estate to Bane and Bane=s brother, Jeff  Brannon Allen.  The will
named Rosser as executor.  On February
9, 1996, the will was admitted to probate, and Rosser was appointed independent
executor of the estate.








On
December 31, 1997, Allen initiated this lawsuit against Rosser, seeking damages
for the death of his mother.  In his
petition, Allen identified Bane and Sandra Rosser=s parents as the other statutory beneficiaries under the Texas Wrongful
Death Act, TEX. CIV. PRAC. & REM. CODE ANN. ' 71.004 (Vernon 1997).  Bane
intervened in this lawsuit on September 25, 1998, asserting a wrongful death
claim and a survival claim.  On October
29, 1999, Bane supplemented her pleading by adding a breach of fiduciary duty
claim and a claim that Rosser was negligent in his duties as executor.  Allen settled with Rosser, and Allen=s claim was dismissed in November 1999.

                                                               Standard
of Review

A trial
court must grant a motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that he is entitled to
judgment as a matter of law. 
TEX.R.CIV.P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex.1991).  A trial court properly
grants summary judgment for a defendant if he establishes all the elements of
an affirmative defense.  American
Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).  Once the movant establishes his right to a
summary judgment, the non-movant must come forward with evidence or law that
precludes summary judgment.  City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79 (Tex.1979).  When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the non-movant.  American Tobacco Company, Inc. v. Grinnell,
supra at 425; Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546,
548-49 (Tex.1985).  

The order
of the trial court does not specify the grounds for its summary judgment;
therefore, Bane must defeat each summary judgment ground urged by Rosser.  State Farm Fire & Casualty Company v.
S.S. & G.W., 858 S.W.2d 374, 380 (Tex.1993); Carr v. Brasher, 776 S.W.2d
567, 569 (Tex.1989).  

                                                                      Limitations

Bane does
not contest that her claims are governed by the two-year limitations statute,
TEX. CIV. PRAC. & REM. CODE ANN. ' 16.003 (Vernon Supp. 2001), or that her petition in intervention was
filed after the two-year period beginning with the date of her mother=s death. 
Instead, Bane argues that her wrongful death and survival claims are not
barred by limitations because the two-year period was tolled or, alternatively,
that her claims related back to the time that 
Allen filed his original petition. 
As to her claims against Rosser for breach of fiduciary duty and
negligent conduct as executor of her mother=s estate, Bane argues that she filed those claims within the applicable
two-year time period.








In her
first point of error, Bane contends that the trial court erred if it granted
summary judgment for Rosser on Bane=s wrongful death and survival claims on the basis of Section 16.003
because:

A. 
Rosser=s conduct as Executor precludes application
of the statute of limitations; and

 

B. 
Alternatively, Bane=s Petition in Intervention relates back to Jeff Allen=s Original Petition.

 

Bane=s second point of error contends that she
does have standing to bring the survival claim.  We will assume that she has standing without ruling on her second
point.

Bane
claims that Rosser fraudulently concealed two facts that, as executor of her
mother=s estate, he had a duty to disclose to
Bane.  First, Bane complains that Rosser
did not tell her of the criminal charge of ACareless Driving Causing Death@ filed against him in Colorado. 
Second, Bane complains that Rosser told her that he only had $5,000 in
insurance when he knew that his company had a $6,000,000 liability policy
covering the vehicle that Rosser wrecked. 
Even assuming that Rosser had a duty to tell Bane of those facts and
even assuming that he concealed the facts, Rosser=s concealment did not toll limitations.

Fraudulent
concealment is a plea in avoidance to a statute of limitations defense.  Seibert v. General Motors Corporation, 853
S.W.2d 773, 777 (Tex.App. B Houston [14th Dist.] 1993, no writ). 
When a defendant has a duty to disclose but fraudulently conceals the
existence of a cause of action from the party to whom it belongs, the defendant
cannot rely on the defense of limitations until the other party learns of the
right of action or should have learned of the claim through the exercise of
reasonable diligence.  Borderlon v.
Peck, 661 S.W.2d 907, 908 (Tex.1983).  

Bane
testified that, in March1996, she and Rosser discussed how the accident
happened.  She testified that, at the
time of their discussion, she knew that it had been a one-vehicle accident and
that Rosser was driving.  Any estoppel
effect on limitations of Rosser=s alleged fraudulent concealment ended at the latest in March 1996;
Bane filed her plea in intervention in September 1998, more than two years
later.  As the supreme court in
Borderlon v. Peck, supra at 909, stated:








The estoppel effect of fraudulent concealment
ends when a party learns of facts, conditions, or circumstances which would
cause a reasonably prudent person to make inquiry, which, if pursued, would
lead to discovery of the concealed cause of action.  Knowledge of such facts is in law equivalent to knowledge of the
cause of action.

 

Bane knew
in March 1996 that her mother was killed in a one-vehicle accident and that
Rosser was driving.  Knowledge of an
injury should cause a reasonably prudent person to make an inquiry about the
cause of the injury. KPMG Peat Marwick v. Harrison County Housing Finance
Corp., 988 S.W.2d 746, 750 (Tex.1999)(Aonce HCH knew that it had been injured by fund mismanagement, it should
have investigated why its auditor, Peat Marwick, had failed to discover or
report the mismanagement to HCH@).  Bane=s knowledge of how her mother was killed and
of Rosser=s involvement are facts which would cause a
reasonably prudent person to make inquiry. 
A telephone call to the Colorado authorities would have revealed the
criminal charge against Rosser.  Further
inquiry or discovery would have revealed the amount of insurance.  

Alternatively,
Bane argues that the wrongful death and survival claims in her petition in
intervention related back to the date that Allen filed his original
petition.  We disagree.  The construction to be given a pleading is a
question of law.  See Texas Employers
Ins. Ass=n v. Tyler, 224 S.W.2d 783, 784 (Tex.Civ.App.
B Galveston 1949, writ ref=d). 
Allen=s petition began with the statement that he
brought the action against Rosser:

[I]ndividually, and as an heir and as an
interested party and beneficiary of the estate of SandraVarner Rosser.

 

Allen=s petition did name Bane as a statutory
beneficiary under the Texas Wrongful Death Act, Section 71.004(b).  However, after naming Bane and Sandra Rosser=s parents as the other statutory
beneficiaries, his petition stated:

It is
Plaintiffs belief that every other beneficiary will execute disclaimers, which
will be filed among the papers in this cause.

 

Although
Allen=s petition does not contain a prayer, his
petition at the end concludes with the following statement:

As a
result of the untimely death of decedent, Plaintiff has suffered
pecuniary loss from the death of his mother. 
(Emphasis added)

 

We find that Allen=s pleading did not assert an action on behalf
of Bane.  








Beneficiaries
named in Section 71.004(b) are necessary parties.  East Line & Red River R. Co. v. Culberson, 5 S.W. 820
(Tex.1887).  Also, Section 71.004(b)
refers to Aan action,@ but the section=s Aone action@ rule is designed to prevent a defendant from being subject to multiple
suits; it is not a mandatory rule. 
Avila v. St. Luke=s Lutheran Hospital, 948 S.W.2d 841, 857 (Tex.App. B San Antonio 1997, writ den=d).  A
defendant may waive the right to urge error based on the non-joinder of a
statutory beneficiary.  Galveston, H.
& S. A. R. Co. v. Kutac, 11 S.W. 127, 128 (Tex.1889); Schafer v. Stevens,
352 S.W.2d 471, 474 (Tex.Civ.App. B Dallas 1961, writ dism=d).  If a defendant may waive
his right to insist on all statutory beneficiaries being joined, then certainly
there was no requirement that Allen bring the wrongful death claim on behalf of
Bane.  This is confirmed by the
permissive language in Section 71.004(b):

The
surviving spouse, children, and parents of the deceased may bring the action or
one or more of those individuals may bring the action for the benefit of all.  (Emphasis added)

 

Allen=s counsel stated in his affidavit that he
drafted the petition on behalf of Allen only and that he never represented
Bane.  As late as August 29, 1998, Bane
testified in her deposition that she was not in this lawsuit.  We hold that Bane=s claims did not relate back to the filing
date of Allen=s original petition and that her wrongful death
and survival claims are barred by limitations. 
East Line & Red River R. Co. v. Culberson, 10 S.W. 706, 708
(Tex.1889).  Bane=s first point of error is overruled.

In her
third, fourth, and fifth  points of
error, Bane argues that the trial court erred in granting summary judgment for
Rosser on her claims that Rosser was negligent in fulfilling his duties as
executor and that he breached his fiduciary duty as an executor.  Bane claims that Rosser, as executor, was negligent
in not filing a lawsuit against himself. 
She cites Section 71.004(c), which provides:

If none of
the individuals entitled to bring an action have begun the action within three
calendar months after the death of the injured individual, his executor or
administrator shall bring and prosecute the action unless requested not to by
all those individuals.

 








Thus, Bane contends that,
in his capacity as executor, Rosser had a duty to file a lawsuit against
himself.  Bane also claims that Rosser
was negligent in his duties because he failed to tell her about the charge of ACareless Driving Causing Death.@ 
Finally, Bane asserts that Rosser intentionally breached his fiduciary
duties by not telling her about the criminal charge and the correct amount of
insurance.

Sandra
Rosser died on January 1, 1996.  Three
months later would have been April 1, 1996. 
Bane admitted that she and Rosser discussed the wreck in March 1996;
thus, she was put on notice of facts that would cause a reasonably prudent
person to make inquiry at that time.  Even
assuming that Rosser=s
failure to file a lawsuit was negligence, Bane should have known about the
alleged negligence beginning in March 1996. 
At the time Bane filed her petition in intervention, a claim for breach
of fiduciary duty was governed by Section 16.003.  Smith v. Chapman, 897 S.W.2d 399, 402 (Tex.App. B Eastland 1995, no writ).  The two-year period for the alleged breach
of fiduciary duty began to run at the time of the conversation in March 1966.

We
overrule Bane=s third, fourth, and fifth points of
error.  We need not reach her sixth and
seventh points of error relating to her claim for exemplary damages and her
claim for attorney=s
fees.

This
Court=s Ruling

The summary judgment of
the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

November 8, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and Dickenson, S.J.[1]


 











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.