Before STATE INDUSTRIAL BOARD, Respondent.

THOMAS MASSOTTI, Respondent, *v.* NEWBURGH SHIPYARDS, INC., and Another, Appellants.

Third Department, November 13, 1924.

**Workmen's compensation — award — claimant suffered double hernia and after operation hernias recurred — refusal to have second operation not unreasonable — claimant is unable to work — reargument of appeal affirming award denied.**

The reargument of an appeal affirming an award in favor of the claimant which was based on a double hernia caused by an accident should be denied, where it appears that an operation was had and that subsequently the hernias recurred; that the testimony by a physician was to the effect that a second operation would not improve plaintiff's condition and might possibly make it worse, and where it appears also that as the result of a second operation the claimant's condition has become worse and he is unable to do any work.

The refusal of the claimant, in view of the evidence in the case, to submit to a second operation was not unreasonable. The Appellate Division does not decide whether, if it were unreasonable, he would be entitled to an award.

MOTION for the reargument of an appeal by the defendants, Newburgh Shipyards, Inc., and another, from an award of the State Industrial Board made on the 10th day of December, 1923. (210 App. Div. 803.)

*A. G. Maul* [*Paul Koch* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, P. J.:

It is admitted that the claimant sustained a double hernia in the course of his employment in November, 1918. Compensation was thereafter paid. It is also admitted that at the time of the award from which the appeal is taken he was suffering from a double hernia. It is contended that there has been an intervening cause for the present hernias and that there is no causal relation between the accident and the present condition of the claimant. Shortly after the accident an operation was performed on the claimant. The physician performing the operation thought he was cured, but in his testimony on October 1, 1919, he said: " We can't say there will not be a recurrence." A hernia reappeared after the accident and the evidence discloses a difference of medical opinion as to whether it was a new hernia or a recurrence of the old one. In the opinion of Dr. Townsend it was " recurrent." At the close of the hearing on October 1, 1919, the Deputy Commissioner instructed the claimant to submit to another operation by Dr. Townsend. Claimant refused. The appellants cite authorities from other jurisdictions to the effect that where such refusal is unreasonable it will defeat a claim for compensation. We need not decide whether we should adopt that rule of unreasonableness because it does not fit the facts of this case. Dr. Townsend was asked whether he thought a good result would be probable. He answered: " I wouldn't use the word ' probable.' I would say ' possible ' because the tissues have been already used in repair. They have now broken down again, and he has a return. No one would use the word ' probable,' because you are dealing with once used tissues." He also says that the man's condition might be worse if the operation was unsuccessful. " When you twice use the tissues, you have mighty little to hold up. * * * I think he might have a very much larger hernia." He was also asked if he thought " there was a fair chance if this man had an operation," and he answered: " No, I wouldn't want to say that." That

testimony was given October 30, 1919, the same month when the appellants claim the claimant disobeyed the Commissioner's instructions to submit to a second operation. In view of that testimony it cannot be said that his refusal was unreasonable. Furthermore, the claimant was subsequently sentenced to State prison and while there and on January 17, 1921, he was again operated on for these hernias. The prison authorities say that when he was discharged he was in good physical condition and that his hernias were cured. The claimant denies it and says they made their appearance again within two months after the operation and while he was still in prison; that he was worse than before the operation; that he cannot wear a truss; that he has done no work since coming out of prison and that he is still disabled. On June 14, 1922, after the claimant had been discharged from prison, Dr. Townsend testified: " He was operated on both sides twice; scars are present; operations were not successful, and he has still pronounced hernias on both sides; he has a mass of scar tissue there." He further says that the claimant will not be able to work; that he will have an enlarging hernia. He was asked this question: " If you operate do you think your operation will be a successful one? " His answer was: " Far be it from me to make any such statement." The appellants ignoring part of the testimony repeatedly make the assertion that the claimant was twice cured. No one knows better than the claimant himself whether he was cured and he testifies to the contrary. The testimony of Dr. Townsend is also to the same effect. There was clearly a question of fact which the State Industrial Board has determined in favor of claimant. It seems useless to prolong the litigation.

All concur.

Motion denied.