PIONEER MILLS CO. et al. v.
WEBSTER et al.

No. 30008. June 3, 1941.

Rehearing Denied June 24, 1941.

Application for Leave to File Second
Petition for Rehearing Denied
July 8, 1941.

*114 P. 2d 914.*

Pierce & Rucker and Fred M. Mock,
all of Oklahoma City, for petitioners.

Claud Briggs, Tom Aggas, and John
Morrison, all of Oklahoma City, and
Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original
proceeding in this court brought by
Pioneer Mills Company and its insurance carrier, hereinafter referred to as
petitioners, to obtain a review of an
award which was made by a trial commissioner May 8, 1940, in favor of T. V.
Webster, hereinafter referred to as respondent.

The record shows, substantially, that
on October 19, 1934, the respondent
sustained an accidental personal injury which resulted in a left inguinal
hernia; that the petitioners furnished
an operation to correct such hernia
condition and paid compensation for the
statutory period of eight weeks; that it
was thought that said operation was
successful and settlement therefor was
made on a Form 7 agreement which
was approved by the commission on
January 7, 1935; that the respondent
attempted to return to work for a time
thereafter, but found that the operation had not corrected his hernia condition, and thereupon, on October 23,
1936, applied to the State Industrial
Commission for an award of compensation for permanent total disability. At
hearings held on the aforesaid application the respondent expressed a willingness to undergo another operation
if thereby his condition could be corrected and his ability to work and labor
be restored. In view of this offer on
the part of the respondent, the State
Industrial Commission, on December
17, 1936, awarded another operation
and payment of compensation for
another period of eight weeks. The interested parties acquiesced in the order
so made and the petitioners furnished
another operation and paid an additional eight weeks' compensation, and
a Form 8 receipt therefor was filed
with the commission on March 17, 1937.

This second operation likewise failed to accomplish the purpose for which it had been performed, that is, to restore respondent to his ability to labor and perform work of a remunerative nature, and on July 1, 1937, the respondent again applied to the commission for an award for permanent total disability. The State Industrial Commission, at the conclusion of the hearings held on this application, instead of making an award for permanent total disability, on November 1, 1937, awarded compensation for a permanent partial disability, which award was thereafter on review vacated here. See Pioneer Mills Co. v. Webster, 184 Okla. 49, 84 P. 2d 642. The reason for the vacation of said award being that in hernia cases compensation is limited to an operation to correct the condition and an award of compensation for a period of eight weeks unless the injury results in permanent total disability. Section 13356, O. S. 1931, 85 Okla. St. Ann. § 22. On receipt of the mandate of this court, after the vacation of the award as above stated, the State Industrial Commission, without notice and without affording the parties an opportunity to be heard, entered an award which, on review, was vacated for the reason that it constituted a denial of due process of law. Pioneer Mills Co. v. Webster, 186 Okla. 616, 99 P. 2d 507.

The award now under review was made for permanent total disability which the State Industrial Commission found had resulted from the hernia condition and the attempts to repair such condition.

The petitioners urge, in substance, that the award cannot be sustained for the reason that the evidence does not support the finding of a recurrence of the hernia condition after the second operation or the finding that the hernia condition had resulted in a permanent total disability prior to the performance of the second operation, and for the further reason that the evidence is insufficient to show that the respondent has a permanent total disability as the result of his original hernia condition.

The argument adduced in support of the several contentions so made is based to a large extent upon the fact that the surgeon who had performed the second operation upon the respondent refused to concede that the operation which he had performed had not been done in a workmanlike manner and repaired the inguinal hernia, but ignores the testimony of this doctor as well as that of two other doctors which clearly gave the State Industrial Commission to understand that, notwithstanding the operations which had been performed and the best efforts of the medical profession to restore respondent to his previous ability to labor and perform work, they had been unsuccessful, and that the respondent was, if anything, in worse shape than immediately after his injury, and was permanently and totally disabled as the proximate result of the hernia which he had sustained on October 19, 1934, and that it was very problematical that his condition could ever be altered for the better even by the aid of surgery. The contention of the petitioners that the permanent total disability could not be found to have existed prior to the second operation is wholly untenable. The respondent was under no obligation to undergo the second operation after the first had proved to be unsuccessful (see Dierks Lumber & Coal Co. v. Lindley, 182 Okla. 185, 77 P. 2d 44; Union Service Street Car Co. v. McCarter, 167 Okla. 433, 30 P. 2d 456); and the fact that respondent offered to and did undergo another operation after the first had proved to be unsuccessful did not change his situation in the least, and the State Industrial Commission when looking at the record in retrospect could properly determine therefrom whether as a matter of fact the respondent was permanently and totally disabled either prior or subsequent to such second operation. In such case the second operation would not do anything more than make manifest a situation which had theretofore existed.

The final contention of the petitioners is predicated to a large extent upon

the fact that the respondent did some work and earned some money; and also upon the evidence that either through error in diagnosis or oversight in performing the operation the respondent was shown to be suffering with a femoral hernia at the present time. What we have heretofore said disposes of the contention that the award was erroneous as being based on an inguinal hernia rather than a femoral hernia. The fact remains that the hernia condition was shown to be the cause of the disability and to have existed and remained with the respondent from the beginning. It was the duty and obligation of the petitioners to correct the condition of respondent irrespective of the type of hernia involved. The claim of the petitioners that there was no evidence sufficient to sustain the finding of permanent total disability is likewise untenable. As said in Dierks Lumber & Coal Co. v. Lindley, supra:

"A total permanent disability within the terms of the Workmen's Compensation Law is not synonymous with total incapacity or total dependence, but means a lack of ability to follow continuously some substantially gainful occupation without serious discomfort or pain and without material injury to health or danger to life."

To sum up, it is immaterial whether through error in diagnosis the hernia condition of the respondent was attributed to an inguinal rather than femoral hernia or whether the surgeons operated on the respondent for one type of hernia when they should have operated for another or overlooked the fact that there were two types of hernia involved, the respondent was left totally disabled as the result of a hernia condition which he had ever since his original injury and notwithstanding the attempts which had been made to repair such hernia. The petitioners were liable for the ultimate result. Western Oil Drilling Co. v. Snow, 185 Okla. 545, 94 P. 2d 902. No error of law is presented, and therefore the award is sustained.

WELCH, C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.