# City of Olive Hill v. Parsons et al.

November 7, 1947.

Rehearing denied December 19, 1947.

R. C. Littleton, Judge.

Davis M. Howerton for appellant.

Diederich & Lycan for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This is an appeal from a judgment of the Carter Circuit Court affirming an award of the Workmen's Compensation Board. That award allowed appellee compensation at the rate of $9 a week for a period of three hundred and thirty-five weeks, on a finding of seventy-five per cent partial permanent disability.

The important facts are not in dispute. Appellee developed an inguinal hernia on March 26, 1943, which arose out of and in the course of his employment. Application for compensation was made in March 1944, and on May 24, 1944, he submitted to an operation at appellant's expense to correct this condition. On July 7, 1945, appellee filed an amended application with the Board alleging that the operation was unsuccessful and that he was permanently and totally disabled. At the hearing held on this application, he testified to the effect that his operation had not cured his trouble, that

his health was bad, and that he was unable to obtain regular employment because of the hernia. On cross-examination he was asked if he would undergo another operation if it could be successfully performed. He stated that he would "take no more operation under no Company." Counsel for appellant thereupon made the following statement:

"At this point the defendant tenders to the plaintiff its services at its own expense for an operation to correct the hernia of which he complains, and the cost of which is to be borne by the defendant, and the plaintiff shall have the right to select any surgeon of his own choosing to perform said operation." This offer was rejected by appellee's counsel.

Appellant introduced the depositions of two qualified doctors who had examined appellee subsequent to his first operation. They both testified that appellee had a fermoral hernia, slightly different from an inguinal hernia, which was almost at the same place and apparently associated with appellee's prior injury. They stated that it would not be ordinarily unsafe for appellee to undergo another operation; that there would be nothing particularly dangerous to his life or his health in submitting to such an operation; that such operations were performed frequently and successfully; and they both advised and recommended that one be performed. Appellee introduced no medical testimony.

The Referee was of the opinion that the employee was not entitled to further compensation because of his refusal to have the second operation performed. Upon review the Board, while accepting the uncontradicted evidence that he had "no disease or physical condition which would render the operation unsafe," made the following ruling:

"Where the employee submits to a hernia operation and it proves to be unsuccessful, he is entitled to compensation under the general provisions of the act for such disability . . .: To entitle him to such compensation he is not required to submit to a second operation, even though such an operation would not be more than ordinarily unsafe."

The principal question before us is whether or not the above ruling of the Board, upheld by the lower Court, is in conformity with the provisions of the Workmen's Compensation Act and is supported by the facts. Is a person disabled by a hernia entitled to compensation upon his refusal to submit to a second operation, which would not be more than ordinarily unsafe, for the same or a closely related injury? The question is one of first impression in this state.

Section 342.025, subd. (3), KRS, relating specifically to hernia, provides in part (our italics):

"If the examination does not disclose the existence of disease or other physical condition rendering the operation more than ordinarily unsafe, and the employe, with the knowledge of the result of such examination, thereafter refuses to submit to such operation, he shall be entitled to compensation for disability under the general provisions of this chapter for not exceeding one year. *If the employe submits to the operation he shall, in addition to the surgical benefits herein provided for, be entitled to compensation for his actual disability following such operation.*"

A reading of this entire section of the statutes indicates that the Legislature had in mind one and only one operation to correct a hernia condition. The words used are: "radical operation," "the operation," and "such operation." The italicized part above quoted is also very persuasive as indicating that if the operation provided for is unsuccessful and disability develops or continues, the injured employee shall be entitled to normal compensation.

While the statutes in other states are not identical with ours, the Courts of Louisiana, Oklahoma, Texas, West Virginia and New York have refused to require additional operations when the first was unsuccessful. Reference is made to the following cases: Crawford v. Tampa Inter-Ocean S. S. Co., La. App., 155 So. 409; United Service Street Car Co. v. McCarter, 167 Okl. 433, 30 P. 2d 456; Pioneer Mills Co. v. Webster, 189 Okl. 223, 114 P. 2d 914; Dierks Lumber & Coal Co. v. Lindley, 182 Okl. 185, 77 P. 2d 44; Indemnity Insurance Co. of North America v. Jones, Tex. Civ. App., 299 S.

W. 674; Shrewsbury v. State Compensation Commissioner, W. Va., 32 S. E. 2d 361; Massotti. v. Newburgh Shipyards, 210 App. Div. 538, 206 N. Y. S. 383. Also see 73 A. L. R. 1315 and Robinson v. Jackson, 116 N. J. L. 476, 184 A. 811, 105 A. L. R. 1466, 1470.

We are inclined to follow the reasoning in those cases and the ruling of the Board in this case. Since our statute specifically relates to an operation in hernia cases and provides that the injured employee shall be entitled to compensation if he still suffers "actual disability following such operation," he is not required to submit to a second operation. This is so whether or not such second operation is more than ordinarily unsafe.

The employer, however, insists that to so hold would be to ignore Section 342.035, subd. (2), KRS, which provides in part:

"No compensation shall be payable for the death or disability of an employe if his death is caused, or if and in so far as his disability is aggravated, caused or continued, by an unreasonable failure to submit to, or follow any competent surgical treatment or medical aid or advice."

It is true that under this section of the statutes we have sustained a ruling of the Board which reduced the injured employee's compensation because of his unreasonable failure to submit to an operation. Fordson Coal Co. v. Palko et al., 282 Ky. 397, 138 S. W. 2d 456.

The employer contends that this general statute, requiring cooperation with respect to medical or surgical treatment, applies to an employee who still suffers disability as the result of a hernia even after one unsuccessful operation has been performed. While certain of its provisions may be applicable in a hernia case, it is our opinion that the other statute, insofar as it specifically provides for an operation for hernia, is exclusive on this subject. Since one operation is required under proper conditions, the injured employee is under no duty to submit himself to further surgical experiment. Under the circumstances here presented and in view of our hernia statute, we are of the opinion that the view of the Board was correct.

Appellant also raises a question concerning the extent and duration of appellee's disability. It suggests that the testimony of the employee without any medical evidence is not sufficient to support a finding of permanent disability. Disability is a question of fact to be determined by the Board, and we know of no rule which requires the employee to produce medical proof. Appellee himself testified at length with respect to his condition and his inability to obtain regular employment. He stated that since March 1943 he had worked about one-fourth of the time, and that was principally light work. There seems to be no question that he is suffering from a recurrence of the hernia, and is to some extent disabled. A review of all the evidence in the case convinces us that it was sufficient as a basis for the Board's finding of seventy-five per cent partial permanent disability.

For the reasons herein stated, the award of the Board was proper, and the judgment of the Carter Circuit Court is affirmed.