**C. & C. COAL COMPANY, Appellant,**

v.

**Jasper SHECKELS et al., Etc., Appellees.**

Court of Appeals of Kentucky.

March 1, 1957.

James Sampson, William A. Rice, Harlan, for appellant.

Robert J. Watson, Middlesboro, for appellees.

CULLEN, Commissioner.

Jasper Sheckels, a laborer, sustained an injury to his foot and sought workmen's compensation from his employer, the C. & C. Coal Company. He was examined by a physician, who found that his disability was "7½ percent to the foot as a whole." In proceedings before the Workmen's Compensation Board, the parties stipulated that Sheckels had sustained a permanent partial disability of 7½ percent to the foot as a whole. The board made an award of weekly payments totalling $225. This sum was reached by taking 7½ percent of the maximum amount allowable for *loss* of a foot, under KRS 342.105. An appeal to the circuit court was taken by Sheckels, and the circuit court entered judgment that Sheckels be awarded compensation, under KRS 342.110, on the basis of 7½ percent disability to the *body as a whole*. This amounted to an award of $795. The employer has moved for an appeal from the circuit court judgment.

We think it is clear that the circuit court erred in directing an award on the basis of 7½ percent disability to the body as a whole, because there was no evidence to warrant such an award.

We also think the board erred in using KRS 342.105 as a measure or standard for determining the amount of compensation allowable under KRS 342.110 for permanent partial disability. In Old King Mining Co. v. Pankey, Ky., 288 S.W.2d 667, and in Caney Creek Mining Co. v. Rager, Ky., 264 S.W.2d 677, we expressed disapproval of the use of KRS 342.105 as a measure or standard in cases where there is a disability of a member of the body, as distinguished from a loss of the member. In both of those cases we directed that the board make a finding of the percentage of disability to the body as a whole, with-

out resort to mathematical computations based on KRS 342.105.

It is our opinion that the instant case should be remanded to the board with directions to make a finding of the percentage of disability to the body as a whole, under KRS 342.110, without resort to mathematical computations based on KRS 342.105. It may be that additional evidence will be required to be taken, since the only evidence now in the record is of disability to the foot alone.

The motion for an appeal is sustained and the judgment is reversed, with directions to enter judgment remanding the case to the Workmen's Compensation Board for proceedings in conformity with this opinion.