**Nicholas J. BAIER, Appellant,**

v.

**B. G. SCHNELL, d/b/a Mechanical Installation Specialists, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 6, 1959.

Rehearing Denied May 22, 1959.

W. C. Edrington, Louisville, for appellant.

Albert F. Reutlinger, Louisville, Jo M. Ferguson, Atty. Gen., for appellees.

CULLEN, Commissioner.

Nicholas Baier, a structural iron worker, sought workmen's compensation for permanent disability alleged to have resulted from injuries sustained in a fall from a 12-foot scaffold. He claimed in-

juries to his back and to his right foot. The Workmen's Compensation Board found that there was no back injury, but there was a disabling injury to the foot, and the board awarded him compensation for 20 percent permanent partial disability to his body as a whole, under KRS 342.110. On an appeal by the employer to the circuit court, judgment was entered "modifying" the award of the board so as to allow compensation only for a 10 percent disability to the *foot*, the amount of compensation being computed by the court to be 10 percent of the amount allowable for total loss of a foot under KRS 342.095. The employe has moved for an appeal from the judgment.

Prior to the submission of the case for full board review, two doctors had testified for the claimant and two for the employer. Much of their testimony was directed to the alleged back injury. As concerns the foot, the substance of the medical testimony was that there had been a fracture of the os calcis in the heel, but with no displacement, and on x-rays the line of fracture was barely discernible. The foot tended to swell a little after a period of walking, but there was no other evidence of impairment or limitation of movement of the foot. The claimant testified that he was unable to climb and move about on elevated structures as the nature of his work would require, but he attributed this mainly to his alleged back injury.

The compensation board was of the opinion that the medical evidence was "inconclusive," and therefore the board appointed a disinterested physician to examine the claimant, in accordance with KRS 342.315. This physician testified that he found no objective symptoms of a back injury. With respect to the foot, he found evidences of earlier injuries to bones in the foot other than the os calcis, but did not note any limitation or impairment of motion or action of the foot. He observed the swelling, and said, in substance, that assuming there had been no swelling before the injury to the os calcis, "I would estimate disabil-

ity to the right foot at about ten percent." At other points in his testimony he again used the term "ten percent" when discussing the injury to the foot.

In its final opinion and award, the board based its conclusions almost entirely on the testimony of the disinterested physician, saying that the testimony of the other doctors "gave the Board no evaluation as to disability." As previously stated, the board found no injury to the back. However, the board construed the testimony of the disinterested physician as making an estimate of 10 percent disability *to the body as a whole* as a result of the foot injury. The board then concluded that "the evaluation of 10% to the body as a whole * * * is too low in view of the fact he cannot perform all his duties as a structural steel worker," and therefore the board fixed the disability as 20 percent to the body as a whole.

The first question we must decide is whether the circuit court erred in determining that the award of the board was not supported by the evidence. Upon reading all of the transcript, we do not find any evidence specifically and clearly addressed to the question of the extent of disability to the body as a whole sustained by the claimant as a result of the injury to his foot. We think the testimony of the disinterested physician can be construed only as estimating disability to the foot, and not to the body as a whole. As stated by the board, the other medical evidence gave no evaluation as to disability. The testimony of the claimant attributed his disability almost entirely to his back. Accordingly, we concur in the circuit court's conclusion that the award was not supported by adequate evidence.

It is clear that awards for permanent partial disability are to be for *disability*, and not *injury*. Wright v. Cane Run Petroleum Co., 262 Ky. 251, 90 S.W.2d 36. It is equally clear that "disability" has reference to the claimant's usual occupation and his disqualification from per-

forming the usual tasks of a workman in such employment. Consolidation Coal Co. v. Crislip, 217 Ky. 371, 289 S.W. 270. Under our compensation law, a partially disabled worker is to be allowed compensation in proportion to the percentage of his disability to perform the usual tasks required in his usual occupation. KRS 342.110.

■ It is obvious then, that as the basis for an award for permanent partial disability, there must be some evidence showing to what extent the claimant is "disabled." This is not always exclusively a matter of medical testimony; under some circumstances the testimony of the claimant himself may be competent to show disability. See United Electric · Coal Co. v. Adams, Ky., 299 S.W.2d 246; City of Olive Hill v. Parsons, 306 Ky. 83, 206 S.W.2d 41. In many cases, particularly those involving internal injuries, medical testimony may be the only competent evidence to prove the actual bodily condition of the employe, or the respective percentages of his bodily condition that are attributable to injury by accident and to a preexisting disease or previous injury, as in Contractors Service & Supply Co. v. Chism, Ky., 316 S.W.2d 840; but once the bodily condition has been established, lay testimony may be competent on the question of the extent of *disability* that has resulted from the bodily condition. Of course caution should be employed in giving weight to purely subjective evidence, as where the employe testifies to a degree of disability much greater than by the medical testimony he should be expected to have.

■ As we view it, testimony as to the percentage of disability to a *member* of the body, as distinguished from disability to the body as a whole, is meaningless. Under our workmen's compensation law, there is no such thing as a "disability" to a *member* of the body. An employe may suffer an impairment of the functioning of a member of his body, which may be rated in terms of percentage, but the compensation law deals with percentages of disability of the body, and not percentages of impairment of a member.

■ We have held that where there is evidence only as to a percentage of impairment of a member, the compensation board cannot translate it into a disability to the body as a whole simply by use of a mathematical formula based on the schedule in KRS 342.105. See Old King Mining Co. v. Pankey, Ky., 288 S.W.2d 667; Caney Creek Mining Co. v. Rager, Ky., 264 S.W.2d 677.

It is our conclusion that this case should be remanded to the compensation board with directions to receive evidence addressed to the question of the extent of disability to the body as a whole sustained by the claimant as a result of the injury to his foot, and to make a determination on that evidence.

■ By reason of what we have said above, and by reason of the holding in C. & C. Coal Co. v. Sheckels, Ky., 299 S.W.2d 615, it is our opinion that the circuit court erred in attempting to make an award of compensation on the basis of a ten percent injury to the foot, and in computing the amount of the award by use of the schedule in KRS 342.105.

The motion for an appeal is sustained and the judgment is reversed, with directions that the case be remanded to the Workmen's Compensation Board for proceedings in conformity with this opinion.