COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant.

v.

William A. LINDON, Jr., et al., Appellees.

Court of Appeals of Kentucky.

June 26, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., James J. Shannon, Dept. of Highways, Frankfort, for appellant.

E. E. Bach, Campton, Chat. Chancellor, John D. Darnell, Frankfort, for appellees.

DAVIS, Commissioner.

Following an accident in the course of his employment with the Kentucky Department of Highways in which he sustained a minor, temporary injury to his left

foot, William A. Lindon, Jr., developed a condition described by one doctor as a "psychoneurosis conversion hysteria which was superimposed on a minor foot injury." Lindon became convinced in his mind that he had constant pain in his foot and leg and as a result he was unable to work. The Workmen's Compensation Board gave him an open-end award for total permanent disability, based on a finding that he was suffering from "compensation neurosis" (a medically recognized mental aberration distinguished from conscious malingering). On appeal to the circuit court judgment was entered upholding the award. The Department of Highways has appealed here from that judgment.

We find merit in the appellant's contention that the compensation board erred in holding that Lindon's refusal to submit to certain psychiatric treatment was not unreasonable. (KRS 342. 035 provides that no compensation shall be payable for disability of an employe "in so far as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice.")

A psychiatrist who treated Lindon recommended that he submit to a sodium amytal interview, which would involve administering a sedative similar to "truth serum," would make the patient drowsy and less resistant and more amenable to suggestion. The purpose would be to overcome the neurosis by suggestion. The psychiatrist stated that if the treatment were successful a cure could be effected in two or three sessions. Lindon refused to take the treatment. His personal physician stated that he did not believe the psychiatric treatment alone would effect a cure.

 The compensation board expressed the views that the proposed treatment might further deter Lindon's improvement, and that the treatment would be of no good effect if Lindon resisted its purpose. There is no evidence in the record to sustain these views. No doctor testified that the treatment might be harmful, or that Lindon's resistance would make the treatment completely ineffectual.

 The appellee argues that the board's ruling should be upheld under the rule that if there is a difference of expert opinion as to the danger *or efficacy* of medical or surgical treatment the employe's refusal to submit is not unreasonable. See Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S.W.2d 53; United States Coal & Coke Co. v. Lloyd, 305 Ky. 105, 203 S.W.2d 47; City of Olive Hill v. Parsons, 306 Ky. 83, 206 S.W.2d 41; Melcher v. Drummond Mfg. Co., 312 Ky. 588, 229 S.W.2d 52; Pioneer Coal Co. v. Sparks, Ky., 249 S.W. 2d 725; 58 Am.Jur., Workmen's Compensation, sec. 330, p. 805. However, the cases stating that rule all involved *operations,* where there was some degree of physical suffering involved from the operation. Here there is nothing to indicate that the treatment would involve any suffering or even material discomfort. Under such circumstances, in our opinion, the mere fact that there is a difference of expert opinion as to the possible success of the treatment is not sufficient to support a refusal to take the treatment. We think this is particularly so in the case of mental disturbances, where the methods of treatment have not yet reached the stage of development where successful results can accurately be predicted.

It is our conclusion that the compensation board erred in finding that Lindon's refusal to submit to the proposed treatment was not unreasonable. Upon remand of the case the board will enter an order withholding compensation payments until Lindon submits to the treatment.

 The appellant makes a further contention that the evidence does not support the board's finding that there was a causal connection between the traumatic injury and the disability. We believe there was adequate proof of causal connection. Dr. Maddox stated in a written report that the

accident was the only cause of Lindon's condition. Dr. Wiesel testified that the injury precipitated the condition. It no doubt is true, as stated by Dr. Maddox, that Lindon's psychoneurotic tendencies existed before the injury; however, he had no disability until the tendencies were activated by the injury. We agree with the authorities holding that the injury is the cause of the compensation neurosis disability in such circumstances. See Larson, Workmen's Compensation, Volume I, sec. 42.24.

No question of apportionment has been raised in this case. Cf. Messer v. Drees, Ky., — S.W.2d — (decided June 5, 1964).

The judgment is reversed with directions to enter judgment remanding the case to the Workmen's Compensation Board for further proceedings in conformity with this opinion.