Jack Wayne GROSS, Appellant,

v.

**W. G. SCOTT EXCAVATING COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

Rehearing Denied May. 7, 1971.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

Stuart E. Alexander, Tilford, Dobbins, Caye & Alexander, Louisville, for W. G. Scott Excavating Co. and Aetna Life and Casualty Co.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for John W. Young, Commissioner of Labor and Custodian of the Special Fund.

NEIKIRK, Judge.

Jack Wayne Gross was injured when his right arm was caught between a swinging beam and an upright steel column while he was working for the W. G. Scott Excavating Company in Louisville, Kentucky. Gross was working above ground on structural steel as an experienced ironworker. The Workmen's Compensation Board awarded Gross total and permanent disability. On appeal by the W. G. Scott Excavating Company to the Jefferson Circuit Court, the cause was remanded to the Board with directions that the Board determine that the injury sustained by Gross was less than total and permanent. Gross appeals. We reverse.

At the time of the accident, appellant had been an ironworker for fourteen years. His work required climbing steel columns and ladders. He would often ride a cable to reach a beam where he could sit and work. He worked at heights of ten feet to seven hundred feet above ground. He stated, "You almost have to be like a monkey." His duties consisted primarily of welding pieces of structural steel and putting bolts into them.

On the day of the accident, appellant was working on the structural steel portion of a building being constructed by the appellee company. A crane had picked up a steel beam and was hoisting it aloft. As the beam approached the appellant, it was caught in the wind and started spinning. Appellant reached out and caught the beam to steady it for proper placing. The spinning beam pushed appellant against an upright steel column, injuring his right arm.

After the accident, appellant went to his home in Memphis, Tennessee, where he consulted doctors of his own choosing. He was later examined by doctors in Louisville. It was medically determined that the appellant had suffered a traumatic injury to the region of his right elbow, resulting in radial nerve palsy. The physicians, in their testimony, did not agree as to the permanency of appellant's injury. Therefore, the Board, on its own motion, appointed Dr. Robert Sexton to examine the appellant. He was furnished the depositions of the other physicians. He made his examination and filed his report. Later, his deposition also was taken.

The Board incorporated a portion of Dr. Sexton's report in its opinion and award. That portion of the report is as follows:

"Presently, the patient is doing general flunky work. He has trouble handling small objects. The hand jerks uncontrollably at times. He seems strong until he begins to move around. He does not trust the arm enough to do any climbing. There is still some numbness of the thumb and second and third fingers on the volar surface.

"Diagnostic Impression: Radial nerve palsy on right with almost complete recovery."

The Board found that appellant sustained an industrial injury in the scope of his employment and that as a result of the injury the appellant "is unable to return to his former occupation as an ironworker and is, therefore, totally disabled." The Board pointed out that the instant case is not governed by Osborne v. Johnson, Ky., 432 S.W.2d 800.

■ Appellant contends that the Board based its findings solely upon the report of Dr. Sexton, and in so doing completely misread the report, in that it treated the report's description of appellant's condition (above quoted) as the doctor's finding whereas it was merely a recitation of the appellant's complaints to the doctor. It is true that the Board, in its opinion and award, did quote a portion of Dr. Sexton's report, and may have misread it. However, it does not appear that the Board rested its opinion and award solely on the report to the exclusion of the other evidence in the case. Obviously, the Board considered all the evidence, including the testimony of the appellant, in addition to the report of Dr. Sexton, or else the Board would not have found the appellant totally disabled in the face of the doctor's opinion that appellant had "almost complete recovery." Doubtless, the circuit court was persuaded that the Board had committed error by basing its opinion solely upon the report of Dr. Sexton. We do not so construe the opinion of the Board.

■ The appellant testified that due to the injury his right hand shakes; that he drops objects out of his hand; that he cannot grasp with his right hand; that it gets tired and weak; and that he has attempted to weld but cannot due to the jerking motion in his right hand. He stated that he could not attempt to do structural ironwork as he could not trust his right arm to hold his weight when climbing or holding onto steel beams, to fasten bolts, or do welding. The Board was entitled to consider this testimony on the issue of the extent of disability. Knott County Board of Education v. Williams, Ky., 348 S.W.2d 715; Baier v. Schnell, Ky., 323 S.W.2d 587; United Electric Coal Company v. Adams, Ky., 299 S.W.2d 246.

■ The judgment is reversed, with directions to affirm the original order of the Board.

All concur.