**W. J. WRIGHT, Petitioner,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Respondent.**

No. B–4026.

Supreme Court of Texas.

Jan. 9, 1974.

Rehearing Denied Feb. 6, 1974.

Waldman & Smallwood, Alvin E. Wiggins and Daylee Wiggins, Beaumont, for petitioner.

Fuller, Fuller & McPherson, James S. Fuller, Port Arthur, for respondent.

REAVLEY, Justice.

In this workmen's compensation case the questions surround the refusal by the injured workman to submit to an operation ordered by the Industrial Accident Board. The jury findings were favorable to the workman and the trial court entered judgment in his favor for the payment of compensation for 200 weeks, that being the maximum benefit for the total and permanent loss of use of his leg. The judgment of the Court of Civil Appeals reduced the compensation to 52 weeks, it being the opinion of the majority of the Court that the evidence established as a matter of law that the operation would materially benefit the workman. 493 S.W.2d 263. We disagree at this point and reverse the Court of Civil Appeals judgment.

W. J. Wright was 46 years old at the time of the trial and had worked as a welder for 26 years. On March 10, 1969 he was employed by Sabine Steel and Construction Company and while carrying a piece of iron slipped in a hole and injured his left knee. The following day he consulted an orthopedic surgeon of his own choice, and the treatment culminated in surgery on his knee on July 17, 1969. The difficulty with his knee continued—with pain, swelling, limited function, and a tendency to lock in one position. A demand was filed on Wright's behalf with the Industrial Accident Board, seeking an operation under the terms of Article 8306, § 12e, Vernon's Ann.Civ.St. The medical examination ordered by the Board resulted in a recommendation for surgery, and the Board entered its unanimous order that the operation be performed. The plaintiff then refused to submit to the operation, as he has done at all times since, stating that he has not received sufficient assurance of the outcome and has become "too old to become a guinea pig now."

The trial of the case concluded with the jury finding that Wright had suffered a total and permanent loss of the use of his left leg, and with the failure to find that the surgical operation ordered by the Industrial Accident Board would have materially and beneficially improved Wright's condition. The trial court's judgment awarding 200 weeks compensation to Wright is based upon these findings.

The Court of Civil Appeals applied Article 8306, §§ 12e and 12b and held that, since Wright had refused to submit to an operation which would be materially beneficial to him under the conclusive proof, his compensation award would have to be reduced to 52 weeks. We agree that the statutes require this result if the Court of Civil Appeals was correct in its determination that it is legally certain that the operation would materially and beneficially improve Wright's condition.

Wright insists that we need not consider the question of the consequence of the proposed operation, since this would be a second operation for which there is no statutory provision. He cites in support of his position Indemnity Insurance Company of North America v. Jones, 299 S.W. 674 (Tex.Civ.App.1927, writ dism'd), which held that § 12b provides for only one operation "and when at appellant's request, or with its consent, appellee submitted to the operation, the provisions of this section were exhausted." 299 S.W. 675. There is merit to the argument that the stringent consequences of the statute should not apply for the reoperation upon a workman— if the insurance carrier furnishes or consents to the first operation. Cf., City of Olive Hill v. Parsons, 306 Ky. 83, 206 S. W.2d 41 (1947); Hamlin v. Industrial Commission, 77 Ariz. 100, 267 P.2d 736 (1954); 99 C.J.S. Workmen's Compensation § 319c. In the present case the first operation was made solely because of Wright's own decision, which was based upon the advice of his own doctor. The provisions of the statute could be nullified if any surgery of the workman's own arrangement were to prevent a subsequent Board order.

We advance to the question of the evidence on the issue of the anticipated consequence of the proposed operation, which evidence consists of the testimony of Wright and the opinion of three orthopedic surgeons. We know certainly that the first knee operation did not result in corrected function of the knee. The doctors explained that the proposed operation would consist of a "rather massive reconstruction" of the knee. They all hold to the opinion that, while it cannot be said exactly what will be done until the joint is surgically opened, the knee can be improved and Wright's complaints reduced. No doctor could guarantee that the operation would effect a cure, or improve Wright's capacity as a welder to obtain and perform a job, or even that the knee would be materially improved in its function.

The insurance carrier argues that the burden of proof on the issue of the operation's benefits should rest upon the workman where the Board has ordered the operation and it has been refused. The trial of a workmen's compensation case is a true de novo trial (Article 8307, § 5) and the governing issues must be resolved there without regard to the decision of the Board, although what has transpired before the Board may as in the case of a tendered or ordered operation affect the admissibility of evidence and the court's judgment. If the insurance carrier is to reduce the amount of the compensation to which the workman has proved himself otherwise entitled, for the reason that the workman has refused to undergo a surgical operation, the carrier must assume the burden of proving the facts that require that result. As was said in Houston Fire and Casualty Insurance Company v. Dieter, 409 S.W.2d 838 at 841 (Tex.1966), in speaking of § 12e: "Its provisions are to be strictly enforced against the compensation carrier before an injured employee may be thus penalized."

We believe that the jury was entitled to view the proposal for reoperation and to test the prospects for material improvement for the workman in the circumstances of W. J. Wright himself. Cf., Grant v. State Industrial Accident Commission, 102 Or. 26, 201 P. 438 (1921). The jury was not required to accept the testimony of the doctors as settling the question that Wright would be in a materially better situation thereafter, or that the second operation would do what the first operation failed to do.

The insurance carrier also argues that the finding of total loss of use of the left leg is not supported by any evidence. The Court of Civil Appeals overruled that contention as well as the point that the finding was against the great weight of the evidence. The trial court correctly gave the jury the legal definition of "total loss of use," as including the utility of the leg at work: "the condition of the injured member is such that the person cannot get and keep employment requiring the use of such member." Travelers Insurance Co. v. Seabolt, 361 S.W.2d 204 (Tex.1962). Wright was employed at the time of the trial, but he testified to such physical difficulties with his performance and such leniency by his employer that the jury had evidence to support its finding.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.