**CITY OF SAN ANTONIO, Relator,**

v.

**Honorable Carolyn SPEARS, Respondent.**

No. 04–88–00121–CV.

Court of Appeals of Texas, San Antonio.

April 29, 1988.

Rehearing Denied May 25, 1988.

Charles S. Frigerio, Hector Saenz, Asst. City Atty., San Antonio, for relator.

Roy D. Quillian, III, San Antonio, for respondent.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

PER CURIAM.

This is an original mandamus proceeding raising the issue of whether an investigative report in a worker's compensation case prepared subsequent to the filing of a claim for compensation but prior to appeal to district court is privileged. We hold that it is and conditionally grant the writ.

George Flores, the real party in interest, is plaintiff in the workers' compensation case brought against relator, the City of San Antonio. Relator is self-insured. The case is now in district court on appeal by Flores from a ruling of the Industrial Accident Board. As part of his pre-trial discovery, Flores served upon relator a set of interrogatories and requests for production. Relator objected to two interrogatories and a request for production that sought discovery of any investigations conducted by or on behalf of relator subsequent to Flores' injury. Relator contends that such investigations are privileged under TEX.R.CIV.P. 166b(3)(d), the party communications privilege, and TEX.R. CRIM.EVID. 503(b), the attorney-client privilege.

Flores filed a motion to compel answers to the interrogatories and request for production, and relator responded with a motion for protective order. The hearing on these motions was held before respondent, the Honorable Carolyn Spears, following the procedures outlined in *Peeples v. The Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635 (Tex.1985).

Following the hearing Judge Spears signed an order granting the protective order for all documents with the exception of one entitled, "Pre–Hearing Conference Preliminary Report." The report was ordered sealed so that it could be presented to this court in the mandamus proceeding. Relator seeks a writ of mandamus to compel Judge Spears to vacate the part of her order compelling discovery of the "Pre–Hearing Conference Preliminary Report" and to grant its protective order.

The only witness to testify at the hearing was George Vasill, a claims supervisor employed by GAB Business, Inc., an independent adjusting firm utilized by relator. In his work for relator, Vasill acts similarly to an independent insurance adjustor. Vasill became involved in the case following the filing by Flores of his claim for compensation to the board. *See* TEX.REV.CIV. STAT.ANN. art. 8307, § 4a (Vernon Supp. 1988). He personally supervised the investigation of Flores' claim and prepared, along with his staff, the pre-hearing report. A similar report is prepared for every workers' compensation case that goes to pre-hearing conference. It contains notes and information concerning the case, summaries of medical findings, indemnity reserves and Vasill's evaluation of the claim.

The party communications privilege is set out in TEX.R.CIV.P. 166b(3)(d) which reads:

3. Exemptions. The following matters are protected from disclosure by privilege:

\* \* \* \* \* \*

d. *Party Communications.* With the exception of discoverable communications prepared by or for experts, and other discoverable communications, between agents or representatives or the employees of a party to the action or communications between a party and that party's agents, representatives or employees, when made subsequent to the occurrence or transaction upon which the suit is based, and in anticipation of the prosecution or defense of the claims made a part of the pending litigation. For the purpose of this paragraph, a photograph is not a communication.

There is no dispute that the report is a communication between agents, representatives or employees of relator, and that it was prepared subsequent to the injury giving rise to the workers' compensation case. Flores argues, however, that the report was not prepared in anticipation of litigation.

■ The investigative privilege of Rule 166b is governed by the rule an-

nounced in *Allen v. Humphreys*, 559 S.W. 2d 798, 802 (Tex.1977). *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801, 802 (Tex.1986). Only information obtained by a party after there is good cause to believe a suit will be filed or after institution of a lawsuit is privileged. *Id.* The burden is on the party resisting discovery to prove that the evidence is acquired or developed in anticipation of litigation. *Turbodyne Corp. v. Heard*, 720 S.W.2d 802, 804 (Tex.1986).

The parties' opposing views on whether the report is privileged are clearly delineated. Relator would have us hold that when a worker files a claim for compensation, litigation has commenced. *See* TEX.REV. CIV.STAT.ANN. art. 8307, § 4a (Vernon Supp.1988). Flores insists that litigation has not begun until the case reaches the trial court, and, therefore, there is no cause to anticipate litigation until a party has filed notice that he will not abide by the board's ruling, thereby setting in motion an appeal to the trial court. *See* TEX.REV. CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1988). It is thus Flores' position that litigation does not occur outside of a court of law.

 It is true that the Industrial Accident Board is not a court, that the claims filed before it are not pleadings, and that hearings before it are not governed by rules or formalities appropriate to trials in courts. *Booth v. Texas Employers' Insurance Association*, 132 Tex. 237, 123 S.W.2d 322, 326 (1938). An action in district court to set aside a final ruling of the board is a trial *de novo*. Article 8307, § 5. Strictly speaking, such an action is a "suit" and not an "appeal." *Booth*, 123 S.W.2d at 328.

The board is, however, an administrative agency having quasi-judicial powers and employing quasi-judicial procedures; and its orders are given the force, after a time, of finality and cannot be collaterally attacked. *Vestal v. Texas Employers' Insurance Association*, 285 S.W. 1041, 1044 (Tex.Comm'n App. 1926, judgm't adopted); *Daniels v. Travelers Insurance Co.*, 606 S.W.2d 724, 725 (Tex.Civ.App.—Fort Worth 1980, writ dism'd). The board may deter-

mine questions of a legal character such as whether the claimant was covered by insurance, whether he was an employee or an independent contractor, and whether he was injured in the course of his employment. *Commercial Casualty Insurance Co. v. Milton*, 55 S.W.2d 120, 124 (Tex.Civ. App.—Austin 1932), *rev'd on other grounds*, 126 Tex. 497, 87 S.W.2d 1081 (1935). It may make rules, subpoena witnesses, administer oaths, inquire into all matters of fact and punish for contempt. TEX.REV.CIV.STAT.ANN. art. 8307, § 4 (Vernon Supp.1988). Further, although the injured worker's claim is not a pleading, it serves several of the functions of an original petition in district court. It invokes the board's jurisdiction, *Texas Employers' Insurance Association v. Spann*, 632 S.W.2d 906, 907 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.), and it provides a basis for the proper investigation, hearing and determination of the claim. *Johnson v. American General Insurance Co.*, 464 S.W.2d 83, 84 (Tex.1971). Finally, there are various aspects to the proceedings before the board that carry over to the trial *de novo*. *Wright v. Texas Employers' Insurance Association*, 504 S.W.2d 394, 396 (Tex. 1974); *Treybig v. Home Indemnity Co.*, 632 S.W.2d 896, 898 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

It may thus be seen that the proceedings before the board are quasi-judicial and similar to a trial before a court. They are a necessary and integral part of the claims resolution process. Flores concedes that if the report in question had been prepared after his notice of appeal, it would be privileged. He has failed, however, to advance a satisfactory reason why the report prepared following his notice of claim should be denied the privilege. In fact, there is every reason to support the existence of the privilege. If each side knows it must eventually disclose such investigative reports at the trial *de novo*, it would discourage full and objective evaluation of cases at the Industrial Accident Board level and thereby decrease the efficacy of the board proceedings.

**554**

In light of all we have said, we cannot accept Flores' restrictive definition of the term, "litigation."[1] We hold that the terms, "litigation," "suit," and "lawsuit" as used in the investigative privilege rule encompass proceedings before the Industrial Accident Board. We therefore hold that litigation has commenced when Flores filed his claim for compensation, and that the pre-hearing conference report prepared subsequent to that time is privileged. The trial court abused its discretion in ordering production of the report.

We are confident that respondent will vacate her order compelling production of the "Pre-Hearing Conference Preliminary Report," and will enter an order granting relator's motion for protective order with respect to that report. The clerk of this court will be instructed to issue a writ of mandamus only if respondent fails to do so.

Based on our holding that the report is privileged under Rule 166b(3)(d), it is unnecessary to discuss relator's alternative argument that it is also privileged under TEX.R.CRIM.EVID. 503(b).[2]

1. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1322 (1981) defines "litigation" as "a controversy involving adverse parties before an executive governmental agency having quasi-judicial powers and employing quasi-judicial procedures."

2. Relator has made no argument under the "substantial need" and "undue hardship" provisions of TEX.R.CIV.P. 166b.