RENDERED: OCTOBER 28, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0580-WC

TIME WARNER CABLE, INC.        APPELLANT

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-0221
WORKERS' COMPENSATION BOARD
WC-15-69813

V.

RICKY SMITH;        APPELLEE
HONORABLE JANE RICE WILLIAMS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>AFFIRMING</u>**

This case is before the Court on administrative appeal as a matter of right[1] by Time Warner Cable, Inc., the Appellant,[2] of a workers' compensation award. The opinion of the Court of Appeals affirmed the Opinion, Award and Order of the Administrative Law Judge, who determined that Ricky Smith, the Appellee, was permanently, totally disabled.

There are three issues presented in this appeal: 1) could Smith give competent evidence as to his psychological medical condition; 2) did the ALJ rely solely upon the psychological evidence to find Smith was permanently,

---

[1] Ky. Const. § 115.
[2] Hereinafter "Time Warner".

totally disabled and was such reliance error; and 3) whether there is substantial evidence in the record to sustain the judgment of the ALJ.

For the following reasons, we affirm.

## I. Factual and Procedural Background

Ricky Smith has a 12th grade education level, and since 1989 has been employed only by Time Warner. At the time of his injury, he was a Maintenance Tech II which required that he fix outages, often by climbing utility poles carrying 40-60 pounds of tools and equipment. His job required climbing, lifting, pulling, pushing, stretching, crawling, carrying and bending.

On August 24, 2015, whilst carrying an extension ladder from his truck to a pole, Smith felt a pop in his back and collapsed to the ground. The ladder landed on his shoulder and neck. He was taken to a hospital via ambulance and released later the same day. Since then he has had issues of limited movement and pain with his neck, right shoulder, and lower back.

On March 9, 2016, Dr. Timir Banerjee, M.D. evaluated Smith. The summation of his findings pertinent to our review is that Smith could not physically return to the same work he was performing on the date of the injury. Dr. Banerjee assessed 0% impairment of Smith's right shoulder but 12-13% whole person impairment. He determined that Smith reached maximum medical improvement (MMI) on March 9, 2016.

Next to evaluate Smith was Dr. Magdy El-Kalliny, M.D. The summation of his findings is Smith could not physically return to the same work he was performing on the date of the injury. He assessed 13% whole person

impairment and MMI on August 3, 2016, the day of his evaluation. Finally, he believed that Smith should be restricted from lifting, pushing, or pulling anything over 10 lbs.

Next Dr. Gary Bray, M.D. performed an independent medical evaluation of Smith on behalf of Time Warner on May 18, 2017. Dr. Bray believed Smith was exaggerating his injuries and noted that he walked better when he was unaware that he was being observed. He assessed 0% impairment of any kind and assigned no work restrictions. Although Dr. Bray was the only doctor to opine that his injuries were not work related, the ALJ specifically noted that he still found that Smith was not physically capable of returning to the work he had performed on the date of the injury. At a deposition, Dr. Bray also agreed that psychological ailments were present and needed to be addressed prior to the physical ailments.

On June 29, 2017, Dr. Ben Kibler, M.D. evaluated Smith. The summation of his findings is that Smith had 14% impairment to his right shoulder, and he would reach MMI on August 1, 2017. He found that he could not physically return to the same work he was performing at the time of the injury and further restricted Smith from any overhead lifting, as well as repetitive pushing and pulling.

Next, Dr. Stephen Autry, M.D. performed an independent medical evaluation on behalf of Smith on July 11, 2017. The summation of his findings is that Smith had 30% whole person impairment with 8% to the neck, 12% to

the right shoulder, and 13% to the lower back. He also placed restrictions on any lifting, pulling, and pushing of anything over 20 lbs.

Dr. Kevin Chapman, M.D. performed an independent psychological evaluation on January 23, 2018. He found 60% impairment due to generalized anxiety disorder and major depressive disorder – recurrent and moderate. He assessed no permanent restrictions based on the psychological conditions.

Dr. Timothy S. Allen, M.D. performed an independent medical evaluation on behalf of Time Warner on January 29, 2018. Although he noted poor effort and dramatized complaints for Smith, he nevertheless assessed 5% impairment due to psychological causes.

Finally, Smith produced a report stating that he was unable to perform the full range of sedentary work as defined by the United States Department of Labor. A summary of Smith's own testimony is that he could not sit for extended periods and had to alternate between sitting and standing every hour. He found his inability to return to his job hard to bear; the use of a medically prescribed cane shameful; and generally struggled to cope with the new circumstances of his life.

The Workers' Compensation Board affirmed the ALJ. Before the Board, Time Warner argued that the conclusion of the ALJ was erroneous because she relied exclusively upon the psychological condition to find permanent, total disability. The Board ruled that "the ALJ stated the physical injuries alone would not produce a permanent total disability, [but] she did not conclude the physical condition had no impact on Smith's ability to perform work." The

4

Board found the ALJ properly considered both psychological and physical conditions.[3]

On October 16, 2020, the Court of Appeals affirmed the Opinion, Award and Order of the ALJ. The ALJ had determined that Smith was permanently, totally disabled due to his physical and psychological condition, as well as age, experience and education. The Court of Appeals addressed the only argument of Time Warner—that there is no substantial evidence in the record to support the award as the ALJ relied exclusively upon Smith's psychological condition to find permanent, total disability.

In a concise opinion, the Court of Appeals noted the ALJ considered not only the physical and psychological ailments of Smith, but also his "age, education level, vocational skills, medical restrictions and emotional state." The court highlighted two doctors' assessment of a psychological impairment and concluded it had no authority to reverse the decision simply because some evidence contradicting the ALJ's findings might exist in the record.

We now address the merits of the appeal.

## II. Standard of Review

An award of workers' compensation "requires an individualized determination of what the worker is and is not able to do after recovering from

---

[3] Before the Board, Time Warner also argued that the ALJ improperly relied upon the opinions of Dr. Autry and Dr. Kibler since their diagnoses were based solely upon the subjective complaints of Smith. The Board rejected that argument. We do not address the argument in any depth as Time Warner did not argue it before us.

5

the work injury." *Ira A. Watson Dept. Store v. Hamilton*, 34 S.W.3d 48, 51 (Ky. 2000). Such an award

> necessarily includes a consideration of factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact. It also includes a consideration of the likelihood that the particular worker would be able to find work consistently under normal employment conditions. A worker's ability to do so is affected by factors such as whether the individual will be able to work dependably and whether the worker's physical restrictions will interfere with vocational capabilities.

*Id.*

In determining an award, the ALJ is the exclusive factfinder. "It is among the functions of the ALJ to translate the lay and medical evidence into a finding of occupational disability." *Id.* at 52. In so doing, "the ALJ is not required to rely upon the vocational opinions of either the medical experts or the vocational experts." *Id.* "A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured." *Id.*

> Our review

> is limited to determining whether the decision was erroneous as a matter of law. Where the ALJ determines that a worker has satisfied his burden of proof with regard to a question of fact, the issue on appeal is whether substantial evidence supported the determination. Substantial evidence has been defined as some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable people. Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal. The crux of the inquiry on appeal is whether the finding which was made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law.

6

*Id.* (internal citations omitted).

### III. Analysis

**A. Smith's Testimony Regarding Psychological Conditions is Competent Evidence**

Before addressing the merits of Time Warner's principal argument, it is necessary to address a threshold issue that appears in the briefing and is a matter of first impression. Both parties noted—although neither extensively argued the point—the question of whether Smith could properly testify about his psychological conditions and the ALJ then rely upon that testimony in making an award.

The rule is a "worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured." *Id.* To determine whether that rule extends to psychological and psychiatric conditions as well, we look to the statute. The statute[4] unambiguously contemplates that a psychological or psychiatric injury can occur when "it is a direct result of a physical injury." KRS 342.0011(1); *Lexington-Fayette Urb. Cnty. Gov't. v. West,* 52 S.W.3d 564, 566-67 (Ky. 2001). Because the statute contemplates the existence of psychological/psychiatric

---

[4] "'Injury' means any work-related traumatic event or series of traumatic events, including cumulative trauma, arising out of and in the course of employment which is the proximate cause producing a harmful change in the human organism evidenced by objective medical findings . . . 'Injury' when used generally, unless the context indicates otherwise, shall include an occupational disease and damage to a prosthetic appliance, but shall not include a psychological, psychiatric, or stress-related change in the human organism, unless it is a direct result of a physical injury." KRS 342.0011(1).

injuries, there is no logical basis to not extend the traditional rule regarding lay testimony to such injuries.

Our predecessor court held that "[d]isability is a question of fact to be determined by the Board, and we know of no rule which requires the employee to produce medical proof." *Johnston v. Skilton Const. Corp.*, 467 S.W.2d 785, 788 (Ky. 1971) (quoting *City of Olive Hill v. Parsons*, 206 S.W.2d 41, 46, 306 Ky. 83 (1947)). This rule remains good law. *Watson*, 34 S.W.3d at 52. Thus,

> lay witnesses, including the claimant, cannot give opinion testimony, but it is not impossible for them to provide enough factual information for the [ALJ] to draw valid conclusions with respect to the extent and duration of disability. A claimant, like any lay witness, may not undertake to make a prognosis, but he may state facts concerning his condition and these facts may be of such a nature as to enable the [ALJ] to determine the extent and duration of the disability even in the absence of medical testimony.

*Johnston*, 467 S.W.2d at 788 (internal quotation and citation omitted).

We hold that the above rule applies equally to psychological and psychiatric medical conditions as it does to physical medical conditions. A worker's testimony as to his psychological or psychiatric condition is competent evidence and may be relied upon by the ALJ to determine disability and make an award. Nevertheless, the statute is controlling, and it must appear from the evidentiary record that any psychological or psychiatric injury of a worker be "a direct result of a physical injury" for the ALJ to rely upon it. KRS 342.0011(1).

**B. The ALJ Did Not Rely Solely Upon Psychological Testimony in Her Award**

Because the statute demands that a psychological injury be "the direct result of a physical injury," an award which is based exclusively upon a

psychological injury is prohibited. *Id.* Indeed, the statutory definition of injury excludes psychological or psychiatric conditions unless the condition-precedent of a physical injury resulting in the psychological/psychiatric condition is present. Time Warner argues that the ALJ relied exclusively upon the evidence of Smith's psychological condition in making her determination of permanent, total disability.

There was evidence from two doctors opining psychological conditions existed, Dr. Chapman and Dr. Allen. Smith supplemented this objective medical evidence with his own competent testimony about the extent and duration of his psychological conditions, i.e., his emotional and mental state, as a result of and exacerbating his physical condition. Additionally, Dr. Bray agreed psychological conditions existed and treatment of them was a priority before treating the physical condition of Smith.

As to physical conditions, every doctor that physically examined Smith, except Dr. Bray, agreed that Smith suffered from a work-related injury that prohibited him from returning to the same kind of work as he performed on the date of his injury. Three doctors agreed some kind of restriction had to be placed on his physical activity level such as no lifting, pulling or pushing objects of a certain weight or with repetition. The ALJ specifically cited to Dr. Autry, Dr. Kibler, Dr. El-Kalliny, and Dr. Banerjee for her conclusion as to physical conditions.

The ALJ concluded "from a strictly physical perspective, his injuries do not appear to be nearly severe enough to warrant total disability, [but] this

9

injury has set his frame of mind on what appears to be an irreversible course." In other words, a work-related physical injury occurred that directly resulted in a psychological injury. This finding is in accord with the statute. Additionally, the ALJ concluded the combination of Smith's age, 55 at the time of the award, as well as his limited education and experience would make finding new employment quite difficult, a "harsh reality" of the marketplace today.

The ALJ did believe, however, Smith's "current emotional state prevents him, by itself, from returning to any type of employment." Time Warner has fixed upon this quote as well as her finding that Smith's physical injuries alone did not merit an award of total disability, to support its argument.

That argument, however, takes these quotations out-of-context and magnifies their interpretation beyond what they can naturally bear. We read the Opinion, Award and Order in its totality, and it is manifest the ALJ did include a consideration of the physical condition of Smith in making her award. Although she stated such condition did not merit an award of total disability on its own, she then proceeded to discuss Smith's psychological conditions as well as his age, education and experience. Only then did she conclude an award of permanent, total disability was merited.

We are satisfied the ALJ properly relied upon both physical and psychological medical conditions to conclude Smith was permanently, totally disabled. Furthermore, her consideration of the psychological evidence was itself proper as Dr. Chapman found a "clear connection" between the psychological conditions and Smith's work-related physical injury.

10

## C. Substantial Evidence Exists to Support the ALJ's Opinion and Award

Finally, Time Warner argues that even if the ALJ properly considered both physical and psychological conditions, there still is not substantial evidence in the record to support her conclusion. Specifically, it argues "if Smith's physical injuries are not nearly severe enough to warrant total disabilities, and he has no restrictions as to his psychological condition, then any combination would also be insufficient to establish a finding of total disability."

Perhaps Time Warner does not fully comprehend the implications of its argument, but we perceive in Time Warner's proposed analysis a monumental shift from how disability determinations have heretofore functioned in our workers' compensation scheme. *Watson* specifically addressed whether the 1996 amendments to the statute precluded "consideration of anything but the factors which they set forth." 34 S.W.3d at 51. In other words, did the General Assembly legislatively overrule *Osborne v. Johnson*, 432 S.W.2d 800 (Ky. 1968)? We held that *Osborne* was partially overruled, but that some principles "remain viable when determining whether a worker's occupational disability is partial or total." *Watson*, 34 S.W.3d at 51. Therefore, the individualized disability determination,

> necessarily includes a consideration of factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact. It also includes a consideration of the likelihood that the particular worker would be able to find work consistently under normal employment conditions. A worker's ability to do so is affected by factors such as whether the individual will be able to work dependably and whether the

11

worker's physical restrictions will interfere with vocational capabilities.

*Id.* at 52. Thus, a disability determination has always been a holistic analysis, incorporating factors which defy easy quantification. This is in stark contrast to the stultifying, mathematical test advocated by Time Warner. Under its schema, one-half physical restrictions plus zero psychological restrictions cannot equal one permanent, total disability. Such a test effectively negates every other factor that *Watson* held is still applicable in determining disability.

Smith's case is in fact a good example of why Time Warner's test must fail. The ALJ below did not believe his physical condition warranted a finding of total disability, and there were no psychological restrictions placed upon him by any doctor. But the ALJ also considered Smith's own testimony of the extent and duration of his psychological issues; she considered his emotional state; she also plainly considered intellectual and vocational status; finally, she considered his age and the employment conditions of the market which are disadvantageous to persons over fifty years of age, and of limited education and experience.

In this case, the ALJ did not err in her conclusion but instead performed exactly as expected. It is for the ALJ to "translate the lay and medical evidence into a finding of occupational disability." *Id.* at 52. While medical opinion testimony is normal, such testimony does not control all other evidence. "[T]he ALJ is not required to rely upon the vocational opinions of either the medical experts or the vocational experts." *Id.* We therefore reject the contention of Time Warner. Upon review of the record before us, substantial evidence exists

to support ALJ Williams' conclusion and we cannot say that it was so unreasonable as to be erroneous as a matter of law. *Id.*

## IV. CONCLUSION

For the aforementioned reasons, we conclude that KRS 342.0011(1) contemplates the existence of psychological/psychiatric injuries that result directly from a work-related physical injury; that a worker may testify to the extent and duration of such injuries; and an ALJ may rely upon said testimony as competent evidence in determining disability and making an award of workers' compensation. ALJ Williams adhered to this rule in the Opinion, Award and Order under consideration, and substantial evidence exists in the record to support it. The Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Rodney J. Mayer
U'sellis Mayer & Associates

COUNSEL FOR APPELLEE:

Bruce R. Bentley
Bentley, George & Sparks